GRAY et al. v. HARTFORD ACCIDENT & INDEMNITY CO. (ROBISON et al., Third-Party defendants).

No. 190.

District Court, W. D. Louisiana, Shreveport Division.

March 30, 1940.

336

Chandler & Chandler and H. M. Holder, all of Shreveport, La., for plaintiffs.

Dimick & Hamilton, of Shreveport, La., for defendant and third-party plaintiff.

Hollingsworth B. Barret, of Shreveport, La., for third-party defendants.

PORTERIE, District Judge.

This case was previously considered, D. C., 31 F.Supp. 299, on several pleas, including motion to dismiss.

The bases of the second motion to dismiss, filed by third-party defendants, J. A. Robison and the Aetna Casualty and Surety Company, are two in number:

"1. That neither the original plaintiffs, nor the third-party plaintiff have set forth any legal claim against the third-party defendants.

"2. That for the payment of the consideration of $1,000.00, paid Mrs. Ollie Whitfield Robison, on November 18, 1938, and for the consideration of $250.00, paid to Mrs. Octa Whitfield Gray on December 1, 1938, the third-party defendants obtained covenants not to sue from the original plaintiffs, by which the original plaintiffs compromised their claims against J. A. Robison and the Aetna Casualty and Surety Company, expressly reserving their rights against all others."

The two original plaintiffs, one of whom is the wife of the driver of the colliding car occupied by both, do not allege directly negligence against the driver (third-party defendant); but, on the other hand, they do not allege him to be without fault. And to quote, we have (Article 32 of petition): "That Mr. Robison, upon observing the truck's position, applied his brakes, but the car, due to the condition of the highway at that point, started skidding to the (his) right of the highway, where a number of people were congregated, and that to prevent striking them, he had to release his brakes, and proceed on the highway."

Could not a conclusion from the above facts be made of negligence against the driver—husband of one plaintiff?

However, the third-party plaintiff has set forth a legal claim against the third-party defendants. Article II of the third-party complaint says: "The accident complained of * * * was caused solely by the negligence of J. A. Robison, who was the owner and operator of the car in which plaintiffs were riding, and who negligently drove the said motor vehicle into the automobile truck of B. A. Rothschild, defendant's insured." Continuing, Article III of third-party complaint says: "In the alternative, if the said accident was not caused solely by the negligence of J. A. Robison, the negligence of the said J. A. Robison was a proximate cause of the said accident and he was and is a joint tort feasor."

■ Evidently the first basis of the second motion to dismiss falls. It falls even though the plaintiffs should not have set forth a legal claim against the third-party defendants; it is sufficient that the third-party plaintiff should establish a legal claim against the third-party defendants.

The second basis of the second motion to dismiss is that the compromise between original plaintiffs and third-party defendants has set aside third-party plaintiff's right to bring into the action third-party defendants.

■ Our former opinion, now reiterated, holds that plaintiff has no uncontrolled right of election of defendants. The defendant, taking the position of a third-party plaintiff, may bring into the action, by Rule 14, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a third-party defendant or third-party defendants.

Let us see what are the possible results, after trial, of keeping all parties in the suit —which would follow our *overruling* this second motion to dismiss.

One of the following three results must happen: The court will find (a) the defendant totally at fault, or will find (b) the defendant and J. A. Robison, who is the driver of the other car and third-party defendant, jointly liable, that is, that they

are joint tort-feasors, or will find (c) J. A. Robison totally at fault.

Under result (a), the defendant pays the whole judgment to the original plaintiffs and whatever they have already received in compromise from the other party, Robison, becomes a gratuity or surplus. Under result (c), original plaintiffs, being already paid in full by J. A. Robison through the amount fixed in compromise, may receive nothing more from him, even if the compromise amount be less than the amount of the judgment.

Under result (b), the judgment would be in solido against the two joint tort-feasors, except that the compromise of record must be given recognition; the right to contract by parties must not be violated. The theory of contribution between joint tort-feasors must apply. What is the nature of the compromise now a part of the case? Claims of plaintiffs have been settled in full by third-party defendants, whether the latter are to pay the half or the whole of the solidary judgment. The latter contingency arises in the case that execution for the whole against defendants would bring nothing. Plaintiffs are compelled to acknowledge the lesser provision of their compromise contract: they are now paid in half.

The defendant owes but one-half of the judgment; the other half of the judgment, due by the third-party defendants, is already paid to the plaintiffs through the compromise. Therefore, the judgment against defendant is for but the half of the total amount ascertained for the injury.

Considering now that the second motion to dismiss be *sustained,* we find that results (a) and (c) are not changed; the outcome is the same as if the motion had been dismissed. However, result (b) is affected vitally by sustaining the second motion to dismiss instead of overruling it.

Under result (b), if the motion to dismiss be sustained, leaving third-party defendants out of the action, the judgment in its total, representing the damages for the whole injury, will bear upon and affect only the defendant—one of the two joint tort-feasors. This defendant would have to pay the whole. We must remember that the two plaintiffs have already collected, through the compromise, from one of the joint tort-feasors—the one left out of the case when the second motion to dismiss was sustained—the sums of $1,000 and $250. Therefore, plaintiffs would collect for more than the injury suffered. They would be enriched by the compromise. Is this the justice we should favor?

Summarizing, we believe this second motion to dismiss has shown our former opinion under test to be practical. By overruling the motion, the procedural law of the Federal courts and the substantive law of the state of Louisiana dovetail perfectly, as a whole and in the smallest detail, to bring about prompt justice, freed of all technicalities of form and procedure, so often used in the past to seriously delay if not effectually defeat justice.

■■■ Counsel may say that that part of the obligation of the compromise to the effect that the plaintiffs are not to sue the third-party defendants is violated. Our conclusion is not that plaintiffs are suing third-party defendants; our conclusion is that the defendant, converting itself under Rule 14 into third-party plaintiff, has the right to sue third-party defendants. It is worthy of notice that this right has no practical significance, as the reasoning of this opinion discloses, except in the contingency of joint tort-feasorship. The dominant logic of the case after all is that no plaintiff has the right of election of a defendant to the exclusion of other defendants in an accident case, where there are, or may be, several parties at fault. The legal relation is established in its substance at the moment of the accident; parties thereafter, by technical pleading, may not alter the substantive law.

Mover makes much in his brief of the law favoring compromise; also, of the law recognizing at all times the freedom of contract between parties. We believe that the compromise and the agreement have been given full recognition.

It is of record that the Hartford Accident and Indemnity Company, defendant and third-party plaintiff, to some degree knew of a possible compromise settlement between the Aetna Casualty and Surety Company, third-party defendants, and the original plaintiffs; that the Hartford Accident and Indemnity Company entertained for a time the thought of a discussion of joint compromise; but by letter from the head of its Claim Department dated October 26, 1938, it refused to attend the compromise conference to be held at Texarkana, definitely and specifically denying liability in the letter. These facts have nothing to do, one way or the other, with the case; the parties who have compromised were left free to compromise, and

their compromise by this decision is being given full effect; the Hartford Accident and Indemnity Company, by refusing to enter into the compromise, very clearly held themselves to the position of non-liability, as pleaded in this case from beginning until now.

We use the whole of our former opinion, with all authorities quoted, to support this present finding.

Accordingly, the second motion to dismiss is overruled.