## SKLAR et ux. v. HAYES (SINGER, Third-Party Defendant).

### SINGER et al. v. SAME.

Nos. 787, 788.

District Court, E. D. Pennsylvania.

Sept. 19, 1940.

Morris M. Pickholtz, of Philadelphia, Pa., for plaintiffs Sklar.

Maurice Pollon, of Philadelphia, Pa., for plaintiffs Singer.

Henry S. Ambler and Frank R. Ambler, both of Philadelphia, Pa., for defendant and third-party plaintiff.

Joseph Head, Jr., John B. Martin, and Duane, Morris & Heckscher, all of Philadelphia, Pa., for third-party defendant.

BARD, District Judge.

The plaintiffs instituted actions in the Common Pleas Court of Philadelphia County, Pennsylvania, and filed statements alleging negligence of the defendant resulting in personal injuries to the plaintiffs. Upon petition by the defendant, both actions were removed to this court, on the basis of diversity of citizenship. Thereupon under Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the defendant filed motions for leave to bring in the now present third-party defendant. Such leave was granted.

The third-party defendant has moved for a dismissal of the third-party complaints filed against him. In support of these motions, the following arguments are offered: (1) That the complaints should be dismissed because they seek relief disallowed by the substantive law of the place of wrong (New Jersey); (2) That the complaints should be dismissed because there is no diversity of citizenship between the plaintiffs and the third-party defendant; (3) That the complaints should be dismissed because the plaintiffs have sought no relief against the third-party defendant.

■ The third-party defendant's primary objection to the complaints is that they claim a right to contribution between joint or concurrent tort-feasors and that such right cannot be enforced under the substantive law of New Jersey. Without deciding that a defendant is or is not barred from utilizing Rule 14(a) where relief contrary to the law of the place of wrong is sought, the court concludes that the instant complaint can be sustained. Several confusing statements therein might well have been omitted, but the defendant has pleaded, along with pleas for enforcement of a right declared by the third-party defendant to be nonexistent at the place of wrong, for determination of primary responsibility as between himself and the third-party defendant. This latter relief is clearly within the governing law, and can be obtained under Rule 14(a). See Crim v. Lumbermens Mut. Casualty Co., D.C., 26 F.Supp. 715, 718; Satink v. Holland Township et al., D.C., 28 F.Supp. 67, 71.

■ The further objection that the lack of diversity of citizenship between the plaintiffs and the third-party defendant prevents the introduction of the latter into the suit cannot be sustained. Such an objection is not well founded, as it appears that the causes of action set forth in these third-party complaints are ancillary or auxiliary to those in the original complaints and so these third-party complaints need not set forth independent grounds of jurisdiction. Since the Federal Rules of Civil Procedure became effective, it has been generally held that controversies presented by third-party complaints are properly within the jurisdiction of the court. See Bossard v. McGwinn et al., D.C., 27 F.Supp. 412; Morrell v. United Air Lines Transport Corporation, D.C., 29 F.Supp. 757, 759; Crum v. Appalachian Electric Power Co. et al., D.C., 29 F.Supp. 90, 91; Gray v. Hartford Accident & Indemnity Co., D.C., 31 F.Supp. 299, 305. To regard such controversies otherwise would be to defeat the purpose of the rule—which is to avoid circuity of action and to adjust, in a single suit, several phases of the same controversy as it affects the parties. Holtzoff, "New Federal Procedure and the Courts," p. 49.

■ Finally, there is no force to the third-party defendant's argument that he cannot be impleaded because the plaintiffs have neither sought nor as yet indicated any intention to seek relief against him. Whether or not the plaintiffs have elected to bring him in is now of no concern. Gray v. Hartford Accident & Indemnity Co., D.C., 31 F.Supp. 299 and Id., D.C., 32 F.Supp. 335. Rule 14(a) permits a defendant to bring in a third-party defendant "who is or may be liable to him or to the plaintiff". It is true that, in the case of Satink v. Holland Township, et al., D.C., 31 F.Supp. 229, a third-party complaint which sought to tender to the plaintiff parties alleged to be solely liable was dismissed, when the plaintiff declined to amend her complaint to assert a claim against the third-party defendant. Such does not appear in this case.

The motions to dismiss the third-party complaints are denied.