## MALKIN v. ARUNDEL CORPORATION et al. (Malkin, Third-Party Defendant).
### No. 779.

District Court D. Maryland.

Feb. 17, 1941.

---

H. Beale Rollins, of Baltimore, Md., for plaintiff.

Robert E. Coughlan, Jr., and Everett L. Buckmaster, of Weinberg & Green, both of Baltimore, Md., for original defendants and third party plaintiffs.

Walter L. Clark and Rozel C. Thomsen, both of Baltimore, Md., for third party defendant.

CHESNUT, District Judge.

In the above case a motion has been made to vacate the order permitting the original defendants to bring in Anna Malkin as a third-party defendant. The motion raises several interesting questions arising on the application of rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The pleadings in the case present the following factual situation insofar as applicable to the present motion.

On November 30, 1939, an automobile driven by Anna Malkin, with Irving Malkin and. the latter's wife, Annie Malkin, (all citizens of Massachusetts), was in collision with an automobile operated by the defendant, F. A. Rhoad (a citizen of Maryland) as the alleged agent of The Arundel Corp. (a Maryland corporation), on the Washington Boulevard, a highway of the State of Maryland. All three occupants of the Malkin automobile suffered injuries as a result of which they have separately and respectively brought suits in this court, based on diversity of citizenship, against Rhoad and The Arundel Corp. In the particular above case of Irving Malkin, the defendants, on November 29, 1940 obtained an order to make Anna Malkin, the driver of the Malkin automobile, a third-party defendant. On December 11, 1940, Anna Malkin filed a motion to vacate this order and to quash service of summons on the attorney who appeared for her in her separate suit against these original defendants. Service of summons against her was also made on the Secretary of State of Maryland under the authority of Flack's Annotated Code of Maryland, 1939, article 56, section 188. On January 29, 1941, Anna Malkin filed a further or amended motion to vacate the order, and to dismiss the third-party complaint against her, and to quash service of summons against her on the Secretary of State of Maryland. The several grounds on which these motions are based will now be separately considered.

■ The objection to the validity or sufficiency of the service upon the Secretary of State proceeds on the theory that article 56, section 188 of the Maryland Code does not authorize or contemplate such service in a third-party defendant proceeding in this court, but applies only where a Maryland citizen as plaintiff is asserting an original substantive right against a non-resident. I do not think the point is sound in view of the language of the Maryland statute. It provides in substance that the use of Maryland roads by non-residents "shall be deemed equivalent to an appointment by such non-resident * * * of the Secretary of State * * * to be his * * * true and lawful attorney upon whom may be served all lawful processes in any action or proceeding instituted, filed or pending against him, them or it, growing out of any accident or collision in which said non-resident may be involved, while operating or causing to be operated, a motor vehicle on such public highway". The statute prescribes certain additional procedure which it is not disputed was complied with in this case. In my opinion, the language is quite broad enough to cover the instant case insofar as the sufficiency of service is concerned. See Williams v. James, D.C.La., 34 F.Supp. 61. I shall assume that the service on counsel for Anna Malkin is insufficient, but that becomes unimportant.

■ Another objection is based on the general federal venue statute, U.S.C.A. title 28, section 112, which provides in substance that an individual may be sued in a federal district court only in the district of which he is an inhabitant, except where the suit is based only on diverse citizenship, in which case it may be brought in the district of the residence of the plaintiff or of the defendant. It will have been noted that the original defendants in this case are both citizens of Maryland and the third-party defendant is a citizen of Massachusetts. Therefore, if this third-party proceeding against Anna Malkin were to be treated as an original proceeding in this court, the venue statute has been strictly complied

with. It is, however, true that most of the previously decided cases involving third-party practice under the new F. R. C. P. have treated third-party proceedings as ancillary to the original suit; and it, therefore, may be doubted whether the venue statute if applicable has been complied with in this case. See Lewis v. United Airlines, D.C.Conn., 29 F.Supp. 112, 118. But without deciding this point, I take the view that the recently decided cases of Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, and Oklahoma Packing Co. v. Gas. Co., 309 U.S. 4, 7, 60 S.Ct. 215, 84 L.Ed. 537, sufficiently establish the venue jurisdiction. See also two recent cases in this court, Bennett v. Standard Oil Co., D.C., 33 F.Supp. 871, and Vogel v. Crown Cork & Seal Co., D.C., 36 F.Supp. 74, opinion filed Dec. 23, 1940; and see also Williams v. James, D.C.La., 34 F.Supp. 61.

■ Another objection raises the question whether, if Anna Malkin, a citizen of Massachusetts, is made a third-party defendant, the requisite diversity of citizenship will not be destroyed with the result that the court will lose jurisdiction of the case, because the plaintiff, Irving Malkin, is also a citizen of Massachusetts. It will have been noted that the sole plaintiff is a citizen of Massachusetts and that both original defendants have the status of citizens of Maryland and, therefore, the original jurisdiction of the suit is unquestionable; and it will also be noted that there is diversity of citizenship between the original defendants and the third-party defendant. But it is said that the joinder of the third-party defendant here will destroy the jurisdiction because, if the plaintiff amends his complaint, he will then be suing in this court a citizen of Massachusetts (having identical state citizenship with himself) as well as citizens of Maryland. It is true that pursuant to the very early decision of the Supreme Court in Strawbridge v. Curtis, 3 Cranch 267, 2 L.Ed. 435, diversity of citizenship, as the court then construed the constitutional provision, required every plaintiff to be able to sue every defendant as diverse citizens; but this limitation on federal jurisdiction in diverse citizenship cases has been held not to apply where the court originally properly obtains jurisdiction, and subsequently other parties, lacking in the requisite diversity of citizenship, come into the case by intervention or other-wise—that is to say, where the subsequent proceeding in the case is ancillary to the main suit and is not properly to be regarded as a separate and independent new suit. This question was considered, without the necessity of decision, in this court in the case of Tullgren v. Jasper, 27 F.Supp. 413, 416. The point has, however, been subsequently frequently considered and decided in a number of the district courts in favor of the continued jurisdiction despite the absent requisite diversity of citizenship created by third-party practice. The subject is also extensively discussed in Moore's Federal Practice, volume I, page 779, and the Two-Year Supplement, page 181, where the numerous cases are cited in note 1. See particularly Lewis v. United Airlines, D.C., 29 F.Supp. 112, and Satink v. Township of Holland, D.C.N.J., 28 F.Supp. 67, 71; and Crum v. Appalachian Elec. Power Co. and 3d-party Winisle Coal Co., D.C.S.D.W.Va. 1939, 29 F.Supp. 90. See also 26 Va.L.Rev. 376; 24 Minn.L.Rev. 126; 40 Col.L.Rev. 148. I have not noted any decisions to the contrary on this point.

■ It is true that the federal courts have quite generally tended to restrict rather than expand their possibly permissible jurisdiction, and it is obvious that the final determination of the point now under discussion must await a decision of the Supreme Court. In view of the fact that it is clearly most desirable that there should be complete determination in one case of the several questions of liability arising from one set of facts, and in further view of the provision of rule 1, F.R.C.P., that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action", I think that any question of doubt with respect to proper diversity of citizenship in this situation should be resolved in favor of the jurisdiction. It would not, of course, be permissible nor appropriate for a trial court to fail to follow the early rule of Strawbridge v. Curtis if it is here applicable, although it may be noted in passing that the decision itself has been regretted by the Supreme Court in a later case. See Louisville Railroad v. Letson, 2 How. 497, 554, 555, 11 L.Ed. 353. It was a narrowing construction of the wording of the constitution which was doubtless felt to be more important at the time the decision was made than may be thought to exist under present conditions. I, therefore, take the view that the objection here made is not good.

The final objection made on behalf of Anna Malkin presents a question of a different nature and of even greater difficulty. It relates to the ultimate objective of the original defendants in bringing her in as a third-party defendant. The object plainly is to obtain from her contribution as a joint tortfeasor with the original defendants, if they are to be held liable to the plaintiff. The petition of the original defendants on which the order was passed to make Anna Malkin a third-party defendant alleges that she is separately wholly liable to the plaintiff, or liable to the plaintiff jointly with the original defendants. Rule 14 provides that a third-party defendant may be brought in, who is or may be liable to the defendant or to the plaintiff for all or part of the plaintiff's claim. The petition does not show any facts constituting an independent and direct liability from Anna Malkin to the original defendants; but it does show a possible legal liability from her to the plaintiff. The situation is not one in which there could be a judgment over against the third-party defendant in favor of the original defendants. Nor is it perceived how there could be a judgment in favor of the plaintiff against the third-party defendant unless the plaintiff amends his pleadings to assert the claim against Anna Malkin. This contingency is evidently contemplated by the provision of the rule that "the plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant".

Unless the plaintiff does amend his complaint and assert a claim against Anna Malkin as a joint tort feasor, it appears that the original defendants will not be able to obtain any benefit from the joinder of Anna Malkin as a third-party defendant. It is well known that at common law there was no liability among joint tortfeasors. While the wisdom of this rule may be questioned, especially in cases where the liability arises from negligence as distinct from willful intention, the rule is too well established to depart from it unless the substantive law in that respect has been changed by statute, as indeed it has been changed in some states. See 18 C.J.S., Contribution, § 11, pp. 14, 18. For this case the substantive law to be applied is that of the State of Maryland. Flack's Maryland Code of 1939, article 50, section 13, provides:

"Where a judgment has been entered against two or more joint defendants in an action ex delicto, said defendants shall be subject to contribution between them." This statute modifies the common law to the extent stated; but it will be noted that this right of contribution arises only where there has been a joint judgment against the defendants. Therefore, the original defendants in this case cannot enforce contribution against Anna Malkin unless there is a joint judgment in favor of the plaintiff against the original defendants and Anna Malkin; but this cannot be obtained unless the plaintiff amends his complaint. The Maryland statute is practically the same in wording as the New York statute under which the Court of Appeals of New York in the case of Fox v. Western New York Motor Lines, 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578, held to that effect. In other states the rule may be different where the wording of the statute with respect to contribution between the joint tortfeasors is differently expressed. See also the discussion in Moore's Federal Practice, volume I, page 772.

I conclude that the motion to rescind the order for third-party complaint against Anna Malkin should not be absolutely, but only conditionally, granted. It should, however, be granted unless within ten days after service of notice on the plaintiff or his counsel, the plaintiff amends his complaint to assert a joint claim against Anna Malkin with the original defendants. I am informed that Judge Coleman after consideration passed a similar order recently in a similar case, but without written opinion. Counsel may present an order in accordance herewith.