**SKLAR et ux. v. HAYES (SINGER, Third-Party Defendant).**

**SINGER et ux. v. SAME.**

**Nos. 787, 788.**

District Court, E. D. Pennsylvania.

Feb. 25, 1941.

Morris M. Pickholtz, of Philadelphia, Pa. for plaintiffs Sklar.

Maurice Pollon, of Philadelphia, Pa., for plaintiffs Singer.

John B. Martin and Duane, Morris & Heckscher, all of Philadelphia, Pa., for third-party defendant Irving Singer.

BARD, District Judge.

These cases are before the court at this time on motions of the third-party defendant to strike supplemental complaints filed against him in both cases.

The case in which Morris and Zelda Sklar are plaintiffs was originally instituted in this court. The other case, in which Albert and Minnie Singer are plaintiffs was originally instituted in the Court of Common Pleas of Philadelphia County, Pennsylvania, and was removed here on the basis of diversity of citizenship between the plaintiffs and defendants.

Both suits arose out of the same accident, which occurred in New Jersey and which involved the automobiles of the defendant and the third-party defendant. The automobile of the defendant collided with one driven by the third-party defendant in which Albert Singer, Minnie Singer and Zelda Sklar were riding.

On motions of the defendant, the same third-party defendant was brought on the record in both suits and third-party complaints were filed against him by the defendant, alleging sole liability, joint and several liability, or liability over. The plaintiffs did not file pleadings amended to assert any claim against the third-party defendant.

The third-party defendant filed answers but did not serve them on the plaintiffs. Shortly thereafter the cases were tried together by order of court. Verdicts of $55 and $110 respectively were returned for the Sklars and the Singers against the third-party defendant. Judge Welsh, the trial judge, subsequently granted new trials by an order entered November 14, 1940. Within a week thereafter, plaintiffs in both cases filed supplemental complaints and served them on the defendant and third-party defendant. By these supplemental statements, the plaintiffs amended their complaints to assert claims against the third-party defendant for the first time.

The third-party defendant has moved to strike the supplemental pleadings, alleging the following grounds in support of his motions: (1) the supplemental pleadings were not filed by leave of court; (2) the supplemental pleadings were not filed before the cases were ordered on the trial list, nor before actual trial; (3) the plaintiffs are barred by their delay.

The plaintiffs' prime contention seems to be that their failure to file supplemental pleadings before the first trial was due to and excused by the omission of the third-party defendant to serve upon them copies of his separate answers. Insofar as plain-

tiffs concede their failure to be due to their own errors in judgment, they seek to have it excused as an oversight of counsel. ·

■ Third-party practice is the direct concern of Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It is there provided that a plaintiff may amend his pleadings to assert against a third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had the latter been joined originally as a defendant. There is no statement or inference that this right is dependent upon the third party first serving an answer to the third-party complaint on all parties; a plaintiff can amend his pleadings as soon as a third-party defendant is on the record. Thus there is no substance to the plaintiffs' contention that the third-party defendant's failure to serve his answer upon them left them without notice of circumstances allowing amendment of their pleadings. Any claim they wished to assert could have been asserted immediately upon the third-party defendant's appearance on the record.

■ It is apparent, since the third-party defendant and the plaintiffs are citizens of the same state, that the third-party defendant could not have been joined as an original defendant in a suit in this court. However, such does not prevent his joinder here, as was stated in an earlier opinion involving these cases concerning such joinder. D.C., 1 F.R.D. 415. Nor did it prevent the plaintiffs from asserting claims when he was joined. Just as controversies presented by third-party complaints are within the ancillary jurisdiction of the courts, so are controversies presented by assertion of claims against third-party defendants by plaintiffs. To hold otherwise would be to deny practical effect to Rule 14 of many cases. The object of the Rule is to avoid circuity of action and multiple suits, to adjust in a single suit the several phases of the same controversy.

Altho I have found no decision on the question, there have been intimations that a plaintiff who has not amended his complaint to assert his claim against the third-party defendant may not be able to obtain a judgment against the third-party defendant. Crim v. Lumbermens Mut. Casualty Co., D.C., 26 F.Supp. 715; Holtzoff, New Federal Procedure and the Courts, 1940, p. 48. The realization that they might be forestalled from recovery may well have prompted the plaintiffs' tardy action.

■ Rule 14 defines no period within which a plaintiff must amend his pleadings to assert a claim against a third-party defendant. It would be illogical to conclude, tho, that plaintiffs are free to so amend at any time, without leave of court.

Rule 15 provides no time within which amendments such as the instant one may be made as a matter of course. It is stated therein, however, that leave to amend shall be freely given when justice so requires. Amendments such as here sought to be sustained apparently should be made only upon leave of court.　·

■ The plaintiffs did not petition this court for leave to file the instant amended or supplemental pleadings. In proceeding as they did at the time they did, they acted without authority or reason. But it does not appear that any of the parties have been prejudiced by the plaintiffs' action. The third-party defendant's sole liability had already been made an issue. Therefore, in the interests of expediency as well as justice, since I am decided that leave to amend would have been granted had it been sought, the amended or supplemental pleadings will be allowed to remain. The issues are not altered thereby; the only effect and force of the amendments is to assure the plaintiffs of another possible prerequisite to an award of judgments against the third-party defendant.

The motions are denied.