**HERRINGTON v. JONES et al.**

**No. 66 Civil Action.**

District Court, E. D. of Louisiana, Baton Rouge Division.

Nov. 5, 1941.

John Fred Odom, of Baton Rouge, La., for plaintiff Thos. J. Herrington.

Taylor, Porter & Brooks and C. W Phillips, all of Baton Rouge, La., for defendants L. C. Jones and Allied Underwriters.

Welton P. Mouton, of Lafayette, La., for third-party defendant L. J. Massart.

CAILLOUET, District Judge.

Plaintiff Thomas J. Herrington, a citizen of the Eastern District of Louisiana, Baton Rouge Division, filed his action against the defendant L. C. Jones, a citizen of Oklahoma, and defendant Allied Underwriters, a Texas corporation, alleging the matter in controversy to be in excess of $3,000, exclusive of interest and costs.

Paragraph 2 of the original complaint read as follows: "That on the 12th day of January, 1939, on public highway No. 61 in the Parish of Ascension, Louisiana, plaintiff was struck by a lock rim on a certain trailer owned and operated at the time by the said L. C. Jones, through the negligence of the said L. C. Jones."

Answers, which were in effect general denials, were filed by both of the said named defendants.

Subsequently, by the joint stipulation of the plaintiff and of the defendant Allied Underwriters, the action was dismissed against the said named defendant, with prejudice, under the provisions of Rule 41 (a) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, but without prejudice to the rights of the plaintiff as against the remaining defendant L. C. Jones.

Then, L. C. Jones moved for leave to make one L. J. Massart a third party de-

fendant, alleging that the accident declared upon by the plaintiff Herrington actually took place solely by reason of the fault of the said L. J. Massart and two of his named employees, who were (the third party complaint alleged) in full possession and control of defendant Jones' vehicle, and were in the act of installing a new tire when the lock rim in question struck the plaintiff Herrington and caused him the injuries for which damages are sought to be recovered; or, in the alternative (the third party complaint continues), if said accident was not caused solely by the negligence of said third party defendant L. J. Massart and his two named employees, the negligence of the three was a proximate cause of the accident in question, and said L. J. Massart was and is a joint tort-feasor, and is therefore liable in solido with defendant for any judgment that might ·be awarded in favor of plaintiff.

Upon leave being granted him to so do, L. J. Massart was made, in due course, such third party defendant.

A motion to dismiss the action and the third party complaint, based upon several grounds, was filed on behalf of said L. J. Massart, the chief of which grounds was alleged lack of jurisdiction and improper venue because of the residence by the third party defendant in the same State of Louisiana as the plaintiff Herrington, but in the Western District and not in this Eastern District.

Subsequent to said filing, and before the motion was assigned for trial, there was filed on behalf of the plaintiff Herrington a supplemental and amended complaint, although no leave of the Court authorizing the so doing was sought and obtained.

The purpose of so amending and supplementing the original complaint was to have the paragraph 2 hereinabove quoted now read as follows: "That on the 12th day of January, 1939, on public highway No. 61 in the Parish of Ascension, Louisiana, plaintiff was struck by a lock rim on a certain trailer owned and operated at the time by the said L. C. Jones, through the negligence of the said L. C. Jones, *and through the negligence of L. J. Massart, who, with his employees, was at the time of the injury hereinafter shown, in possession and control of said trailer, and in the act of installing a new tire thereon*". (Emphasis supplied).

The prayer of the complaint was also amended, and whilst negligence was charged against the original defendant L. C. Jones *and* the newly-made defendant L. J. Massart, judgment was prayed for "against L. C. Jones *or* against L. J. Massart, or against both of them in solido".

Upon the hearing of the motion to dismiss, which resulted in the overruling and denial of said motion, except that there was kept open for future disposition the question whether or not by thus electing to sue as primary defendant the said third party defendant L. J. Massart, jointly with the original primary defendant L. C. Jones, plaintiff Herrington, citizen of Louisiana, had not divested this Court of jurisdiction in his suit based upon diversity of citizenship, in view of the fact that L. J. Massart, defendant, is also a citizen of the State of Louisiana, the Court suggesting that, generally, diversity of citizenship does not exist unless the plaintiff is a citizen of a different state from that of every defendant.

Whilst, unquestionably, the weight ·of authority is that an independent basis of jurisdiction is not necessary to support a third party claim, and the making of L. J. Massart a third party defendant by the original defendant L. C. Jones, as third party plaintiff, was justified, it must not be forgotten that this was so only because the cause of action set up by the third party plaintiff was ancillary or auxiliary to the cause of action pleaded against him by plaintiff Herrington. Defendant Jones, in an attempt to protect himself against the possibility of judgment being rendered against him in keeping with the prayer of the original complaint, prayed that the judgment sought by plaintiff Herrington be actually rendered against the party defendant L. J. Massart, or, in the alternative, against said third party defendant and himself, defendant and third party plaintiff L. C. Jones, in solido.

This course of action was authorized by the provisions of Rule 14 of the Rules of Civil Procedure, 28 U.S.C.A., following section 723c, to the effect that a defendant, under the conditions in said rule set out, *may* "serve a summons and complaint upon a person not a party to the action who is or may be liable to him or *to the plaintiff* for *all* or *part* of the

plaintiff's claim against him." (Emphasis supplied)

Under the same Rule 14, plaintiff Herrington might have amended his pleadings to assert against the third party defendant any claim that said plaintiff might have asserted against said Massart "had he been joined originally as a defendant", in this suit based on diversity of citizenship; but it was at all times impossible, as a matter of law, for the plaintiff Herrington, citizen of Louisiana, to have originally joined, in such suit so based on diversity of citizenship, the third party defendant Massart, citizen of Louisiana, as one of the primary parties defendant jointly with the primary defendant L. C. Jones, citizen of Oklahoma.

It is needless to observe that no obligation rested upon plaintiff Herrington to amend his pleadings to so assert a direct claim, as of first instance, against his co-citizen of Louisiana, L. J. Massart.

If he thought that there existed a cause of action in his favor against the said Massart, the State Courts were open to him for its assertion; it may be said in passing, that the record herein shows that plaintiff Herrington had actually already brought suit against the said Massart in the 23rd Judicial District Court of the State of Louisiana, in and for the Parish of Ascension.

Reading the permissive provision of Rule 14 "* * * the plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant", by the side of Rule 13(h), which provides for the bringing in of additional parties as defendants, in counter-claims and cross-claims "if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action", in the light of Rule 82, which specifically provides that the Federal Rules of Civil Procedure "shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of the actions therein", there does not seem to remain any sound basis for contending that the jurisdiction of this Court, based on diversity of citizenship which once existed, was not destroyed by the voluntary act of plaintiff Herrington in so electing to bring his action against both defendants L. C. Jones and L. J. Massart, and seeking to recover judgment against either, or against both of them in solido.

While true that the authorities are uniform to the effect that, granting an existent jurisdiction at the time of the filing of the action, no subsequent change in the condition of the parties will divest the Court of jurisdiction, this is not the situation here. No change has taken place in the citizenship of L. J. Massart, against whom plaintiff Herrington elected to file his action, but a change in the situation as respects diversity of citizenship, upon which the jurisdiction of the Court was expressly based, has been effected, with the result that jurisdiction no longer exists.

For the foregoing reasons, the action should be dismissed.