**THOMPSON v. CRANSTON et al.**
**BROWN v. SAME.**
Civ. Nos. 847, 846.

District Court, W. D. New York.
Feb. 16, 1942.

Judgment Affirmed Dec. 3, 1942.

See 132 F.2d 631.

Lombardo & Pickard, of Jamestown, N. Y., for defendant and third party plaintiff.

Harold J. Adams, of Buffalo, N. Y. (Percy R. Smith, of Buffalo, N. Y., of counsel), for third party defendants.

KNIGHT, District Judge.

The third party defendants were brought into this suit purportedly under Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on application of the defendant Cranston. The plaintiffs in both suits are citizens of the same state as the third party defendants.

The third party defendants move to set aside the order purporting to bring them in as defendants and to dismiss the complaint of the third party plaintiff as against them.

The law of the State of New York does not permit contribution among joint tort feasors (Section 211-a of the Civil Practice Act of the State of New York). Here the defendant-third party plaintiff demands judgment against the third party defendants for all sums that may be adjudged against the defendant-third party plaintiff and that the plaintiffs have judgment against the third party defendants for the claims made by the plaintiffs against the defendant-third party plaintiff. The plaintiffs have served no complaint against the third party defendants nor could they obtain jurisdiction for such service. Without amending the plaintiffs cannot recover against the third party defendants. These cases are directly in point: Satink v. Township of Holland, D. C., 31 F.Supp. 229; Crim v. Lumbermens Mutual Casualty Co., D.C., 26 F.Supp. 715; Malkin v. Arundel Corp., D.C., 36 F.Supp. 948; General Taxicab Ass'n v. O'Shea, 71 App.D.C. 327, 109 F.2d 671.

Rule 14 is an adoption of Admiralty Rule 56, 28 U.S.C.A. following section 723, under which the courts have repeatedly held that a claimant cannot proceed against an impleaded party unless his petition is amended. Jensen v. Bank Line, 9 Cir., 26 F.2d 173; Burns Bros. v. City of New York, D.C., 22 F.Supp. 55. The rule is that, where the law of the state in which suit is brought provides for a contribution between joint tort feasors, a joint tort feasor may be brought in. Such is not the case here. New York Symposium on Federal Rules (A.B.A.) page 296 and Washington Institute on Federal Rules (A.B.A.) page 62.

Since the plaintiffs and the third party defendants are residents of the same state, the plaintiffs cannot amend. Johnson v. G. J. Sherrard Co. (New England Tel. & Tel. Co.), D.C., Nov. 12, 1941, 2 F.R.D. 164, and cases cited; Hoskie v. Prudential Ins. Co. of America, D.C., 39 F.Supp. 305; Herrington v. Jones, D.C., 2 F.R.D. 108; Osthaus v. Button, 3 Cir., 70 F.2d 392.

Rule 82 of the Federal Rules of Civil Procedure states that they "shall not be construed to extend or limit the jurisdiction of the district courts * * * or the venue of actions therein." Rule 14 is only a rule of procedure. It does not change the substantive law, and the substantive law of the State of New York is applicable here. Rule 14 was adopted to extend the practice of certain state courts with respect to the impleading of third parties, but the only procedure in New York State is that permitting a defendant to implead a third party against which the defendant has a claim based on primary or secondary liability. Section 193 of the New York Civil Practice Act.

Defendants have been allowed to bring in a third party defendant in states where contribution among joint tort feasors is allowed, where claims of indemnity by third party plaintiff against a third party defendant are involved (in New York the third party defendant must be primarily liable); and where the plaintiff has a claim against a third party defendant. None of such cases are in point here where the statute does not provide for contribution among joint tort feasors and where the court does not have jurisdiction of the claim by reason of diversity of citizenship. There are numerous decisions holding that jurisdictional requirements may be disregarded where the proceeding is ancillary but here recovery by the plaintiffs against the third party defendants would not be ancillary to the main suit. Sklar v. Hayes, D.C., 1 F.R.D. 594, lends some support to the view that a claim directly against a third party defendant made by amendment to the original complaint constitutes an ancillary proceeding, but that case is distinguishable in its facts, and it is criticized and disapproved in Johnson v. G. J. Sherrard Co., etc., supra.

Gray v. Hartford Accident & Indemnity Co., D.C., 31 F.Supp. 299, cited by the third party defendants, arose in Louisiana where there is contribution among joint tort feasors, and the court there points the distinction between that case and one where the state does not permit contribution. Saunders v. Goldstein, D.C., 30 F.Supp. 150, clearly involved an ancillary proceeding. Lansch v. Boushell Carrier Co., D.C., 1 F.R.D. 200, seemingly did not involve a question of jurisdiction. Crum v. Appalachian Electric Power Co., D.C., 29 F.Supp. 90; Bossard v. McGwinn, D.C., 27 F.Supp. 412, and other cases cited by the third party plaintiff only hold that in ancillary proceedings jurisdictional requirements may be disregarded. "The applicability of their principle to a particular case depends upon whether the third-party practice therein is an ancillary proceeding incidental to the main suit, or whether it is to be more properly regarded as a separate and independent new suit." Johnson v. G. J. Sherrard Co., etc., supra [ 2 F.R.D. 166].

 If I am correct in the conclusion that the motions herein should be dismissed for the grounds stated, it is unnecessary to consider the method of service of process.

The motions are granted.