**MORRIS, WHEELER & CO., Inc., v. RUST ENGINEERING CO. (PLAINS CORPORATION et al., Third-Party Defendants).**

**Civil Action No. 311**

District court, D. Delaware.

March 2, 1945.

C. S. Layton (of Richards, Layton & Finger), of Wilmington, Del., and Laurence H. Eldredge (of Norris, Lex, Hart & Eldredge), of Philadelphia, Pa., for plaintiff.

C. R. Layton 3rd (of Hastings, Stockly and Layton), of Wilmington, Del., for defendant.

LEAHY, District Judge.

1. A third-party defendant may not set up a counterclaim against the original plaintiff where such plaintiff has asserted no claim against such defendant. Under Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. "The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant

had he been joined originally as a defendant." Here, plaintiff has not amended its complaint and has asserted no claim against the third-party defendant. There is no present controversy between plaintiff and third-party defendant and they are not "opposing parties" within the meaning of Rule 13, which covers counterclaims and cross-claims. The text authority accords with this view. Moore (Federal Practice, p. 747) writes: "Unless the original plaintiff A. B. amends his complaint to claim against the third-party defendant, E. F., E. F. would have no right of counterclaim against A. B., since A. B. is not an *opposing* party. If the plaintiff does amend to assert a claim against E. F., then E. F.'s right to counterclaim against A. B. would be governed by Rule 13(a) and (b)." Moore informs us (pp. 759 and 767) that it is also the English and New York practice that the third-party may not counterclaim against the plaintiff. If the Federal Rules of Civil Procedure were interpreted to permit this type of counterclaim, they would, in many instances, promote collusion. An original defendant, by collusive agreement, could bring in other parties defendant who could then counterclaim against original plaintiff in the particular forum. Not only a counterclaim such as this is not covered by the plain language of the Rules, but there is also no reason to suppose the draftsmen of the Rules intended to use language in other than its ordinary meaning.

2. We have no jurisdiction to adjudicate an issue between plaintiff and third-party defendant because they are both Pennsylvania corporations. Rule 14 provides: "The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant." In commenting upon this rule, Moore (idem, p. 748) says: "It should be noted that the above quoted sentence does not require the plaintiff to claim against the third-party defendant E. F. It does, however, permit the plaintiff to do so if E. F. could have been joined originally as a defendant; that is, if the plaintiff A. B. had a claim against E. F. which could be joined with A. B.'s claim against C. D. pursuant to Rule 20 on permissive joinder and if there is federal jurisdiction over A. B.'s claim against E. F. Thus assume that C. D. and E. F. injured A. B.; A. B. sued C. D.; there was diversity of citizenship; and the amount in controversy exceeded $3,000. C. D. impleads E. F. claiming contribution. A. B., if so advised, may amend to claim against both C. D. and E. F. provided there is diversity of citizenship or alienage between A. B. and E. F." In the case at bar if plaintiff originally brought its action against both parties defendant, this court would have lacked jurisdiction because where jurisdiction of a federal court is based upon diversity of citizenship, that diversity must exist as between the plaintiff and all parties defendant. Where jurisdiction is based solely on diversity of citizenship, jurisdiction thus obtained is not lost if subsequently other parties, lacking in the requisite diversity of citizenship, come into the case, provided the subsequent proceeding is ancillary to the main case and cannot properly be regarded as a separate and independent new suit. "This principle has frequently been invoked to allow a defendant to bring in a third party under Rule 14 even though the requisite diversity of citizenship between defendant and third-party defendant, or between plaintiff and third-party defendant, is lacking." Johnson v. G. J. Sherrard Co., D. C. Mass., 2 F.R.D. 164, 165. In ancillary proceedings jurisdictional requirements may be disregarded. The real question, then, is whether in this case the third-party defendant's counterclaim may be regarded as ancillary or incidental to the main suit or whether it is more properly regarded as a separate and independent suit. Both principle and the weight of authority compel the conclusion that the present third-party counterclaim is a separate and independent new suit. Rule 82 forbids a construction of the Rules in such a way as to extend the jurisdiction of the federal courts. Clearly, a claim of this type would not have been within the court's jurisdiction before the adoption of the Rules. Osthaus v. Button, 3 Cir., 70 F.2d 392. That being so, Rule 14 should not be construed to give the court here jurisdiction of such a claim.

While Sklar v. Hayes (Singer) D.C. E.D. Pa., 1 F.R.D. 415, and Myer v. Lyford (Tully) D.C.M.D.Pa., 2 F.R.D. 507, support defendant's position, there are other carefully reasoned opinions which adopt the view expressed by Moore, viz., that the court has no power to adjudicate an issue between a plaintiff and a third-party defendant having a common citizenship,

where the proceeding is independent of the main suit. Hoskie v. Prudential Insurance Co. of America, D.C., 39 F.Supp. 305; Johnson v. G. J. Sherrard Co., supra; Thompson v. Cranston, D.C.W.D.N.Y., 2 F.R.D. 270; Herrington v. Jones, D.C.E.D. La., 2 F.R.D. 108. For example, in Johnson v. G. J. Sherrard Company, supra, plaintiff, a New Jersey citizen, sued a Massachusetts corporation, which then brought in as a third-party defendant a New York corporation upon the allegation that it was solely liable to plaintiff. Plaintiff then moved to amend its complaint to include a claim against the third-party defendant which objected and raised the jurisdictional question. In denying plaintiff's motion to amend its complaint, Judge Ford said:

"In Sklar v. Hayes, D.C., 1 F.R.D. 594, 596, an opposite result was reached. * * * It may be true that convenience would be served and the purpose of the third-party practice better achieved by trying issues like those involved here at one time and settling them at the same time, but the court's power to achieve that laudable object must be limited by the jurisdictional requirements. (Rule 82). If these are not present, the convenient single trial must be had, if at all, in the state courts. I cannot, in the absence of a justifiable new construction of what constitutes an ancillary proceeding, agree with the conclusion, unsupported by analysis, of the Sklar case that a controversy presented by assertion of a claim directly against a third-party defendant made by amendment to plaintiff's original complaint, all of which is the commencement of a main action, is merely ancillary to the controversy between the plaintiff and the original defendant.

"I think, also, that the plain terms of Rule 14 do not authorize such an amendment as that proposed. The plaintiff 'may amend * * * to assert * * * any claim which the plaintiff might have asserted against the third-party defendant *had he been joined originally as a defendant.*' (Italics mine.) In the instant case, if the Telephone Company had been joined originally the court would not have jurisdiction of the case. Thus, it would appear that to grant this motion would clearly go beyond the authority conferred on the court by Rule 14. This was the reasoning relied on by the court in Hoskie v. Prudential Ins. Co. of America, D.C., 39 F.Supp. 305, wherein a motion like that in the case at bar was denied."

The conclusion is the same here. The third-party counterclaim should be dropped as plaintiff declines to amend its claim against third-party defendant, and because, since there is no diversity, it cannot amend its claim against third-party defendant even if it wants to. The motion to dismiss is accordingly granted.