GABRIEL GARCÍA MOLINA, demandante y apelado, *v.* GOBIERNO DE LA CAPITAL y THE PORTO RICAN & AMERICAN INSURANCE COMPANY, demandados y apelantes, y RICARDO QUINTERO y THE GREAT AMERICAN INDEMNITY COMPANY, terceros demandados y apelados.

Núm. 9706.—*Sometido:* Enero 13, 1949. *Resuelto:* Julio 21, 1949.

*Córdova & González* y *Alberto Picó,* abogados de los apelantes; *R. Rivera Zayas, G. Rivera Cestero* y *Milton F. Rúa,* abogados de los terceros demandados apelados; *Ernesto Juan Fonfrías* y *Santiago Polanco Abréu,* abogados del demandante apelado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

El 23 de junio de 1947 Gabriel García Molina demandó en el Tribunal del Distrito Judicial de San Juan al Gobierno de la Capital y a The Porto Rican & American Insurance Co. reclamando daños y perjuicios por la suma de $25,000 como consecuencia de lesiones e incapacidades resultantes de un choque del vehículo P–4149, porteador público, en que viajaba como pasajero, con el camión GM–41, propiedad del Gobierno de la Capital, que según la demanda estaba estacionado en la carretera núm. 2 en dirección a San Juan como a siete yardas de la orilla derecha de la carretera, con todas sus luces apagadas. Alegó expresamente que en dicho accidente no medió "culpa, responsabilidad o negligencia" de parte del conductor del vehículo P–4149.

Contestaron los demandados negando los hechos esenciales de la demanda y entre otras defensas especiales adujeron la de que el accidente se debió a, y tuvo como causa próxima, la negligencia única del conductor [del vehículo en que viajaba el demandante] Manuel Rodríguez, "quien sin tomar precauciones de ningún género manejando de manera atolondrada no se percató de la presencia del otro vehículo estacionado en su derecha antes de que ocurriera el choque del mismo." Posteriormente, los demandados, con permiso del tribunal, radicaron demanda de tercero dirigida contra Ricardo Quintero y The Great American Indemnity Co., dueño y asegurador, respectivamente, del vehículo en que viajaba el demandante, alegando que el accidente se debió única y exclusiva-

mente a la negligencia del conductor de dicho vehículo, y solicitando se declarara sin lugar la demanda en cuanto a ellos y con lugar en cuanto a los terceros demandados. Solicitaron éstos la desestimación de la demanda en su contra por, entre otros, el fundamento de haber relevado y descargado el demandante a los terceros demandados de toda obligación con motivo del accidente y firmado carta de pago a ese efecto. Dictada resolución desestimando la demanda de tercero por tal motivo, pidieron los terceros demandantes que se dictara sentencia de acuerdo con dicha resolución, hecho lo cual establecieron recurso de apelación contra la misma, sosteniendo como error en su alegato el que la corte inferior desestimara su demanda de tercero.

Sostienen los apelantes que aun cuando en su demanda de tercero se alegue exclusivamente que los terceros demandados son responsables al demandante por la totalidad de la reclamación, sin que contenga alegación alguna en el sentido de que los terceros demandados son o pueden resultar responsables a los terceros demandantes de parte de la reclamación del demandante, de la misma surge un posible derecho a contribución a favor de los apelantes, por lo que dicha demanda debe interpretarse como planteando tal derecho a contribución. No estamos conformes.

■ La Regla 14(*a*) de las de Enjuiciamiento Civil, bajo la cual se interpuso la demanda de tercero, permite que el demandado en la acción original demande a un tercero cuando éste "sea o pueda resultar responsable a él o al demandante por todo o parte de la reclamación de éste contra él"; y provee que "el demandante podrá enmendar sus alegaciones para exponer contra el tercero demandado cualquier reclamación que el demandante pudiera haber expuesto contra el tercero demandado si éste hubiere sido originalmente hecho parte demandada."

La Regla 14(*a*) citada es una adaptación literal de la número 14(*a*) de las Reglas Federales de Enjuiciamiento

Civil, según ésta rezaba antes de la enmienda propuesta por el Tribunal Supremo de Estados Unidos el 27 de diciembre de 1946, y que entró en vigor posteriormente.([1])  Por lo tanto, para la aplicación de la 14(*a*) nuestra al caso de autos, precisa examinar el alcance e interpretación que a la Regla 14(*a*) Federal, antes de su enmienda, se dió por las cortes federales y las autoridades sobre la materia; y es a dicha regla antes de dicha enmienda a la que nos referiremos en el curso de esta opinión.

Las decisiones interpretando la citada regla federal, en su inmensa mayoría, establecen que cuando la demanda de tercero está predicada únicamente en la responsabilidad absoluta del tercero demandado hacia el demandante en la acción original, éste puede enmendar su demanda para incluir una reclamación contra el tercero demandado, aunque no está obligado a ello; y si no lo hiciere, el tercero demandado tiene derecho a que la demanda de tercero sea desestimada. *Satink* v. *Holland Township* (D.N.J. 1940), 31 F. Supp. 229; *Delano* v. *Ives*, (E.D. Pa., 1941), 40 F. Supp. 672; *Connelly* v. *Bender et al.* (E.D. Mich., 1941), 36 F. Supp. 368; *Whitmire* v. *Partin* v. *Milton* (E.D. Tenn., 1941), 2 F.R.D. 83, 5 Fed. Rules Serv. 14a.513, pág. 225; *Roadway Express, Inc.*

---

([1]) Uno de los propósitos de la enmienda propuesta el 27 de diciembre de 1946, y que entró en vigor posteriormente, fué el de eliminar del texto original de la regla lo concerniente a la autorización que de dicho texto se implicaba, en el sentido de que el demandado podía traer al pleito (*implead*) al tercero demandado bajo una alegación de que éste era o podía ser responsable totalmente *al demandante*. Aparentemente la enmienda respondió al criterio adoptado por la mayoría de las decisiones interpretando el alcance de la regla original, bajo las circunstancias indicadas. Bender's *Fed. Practice Manual*, pág. 89 *et seq.*, notas. 3 Moore's *Federal Practice* 405 *et seq.* En ambas obras se expone y comenta el informe del Comité Asesor sobre enmiendas a las Reglas Federales de Enjuiciamiento Civil, que dió origen a la enmienda de la Regla 14(*a*).

El Juez Clark, en su artículo ''Experience under the Amendments to the Federal Rules of Civil Procedure'', que aparece en 8 Fed. Rules Dec. 497, se expresa así al comentar entre otras, la citada enmienda a dichas reglas: ''La tercera excepción a ser aquí comentada es la única que puede considerarse como un retroceso, desde una posición de avanzada. Esta fué la enmienda limitando el traer al pleito, bajo la Regla 14, solamente a terceros que fueran responsa-

v. *Automobile Ins. Co. of Hartford, Conn.* v. *Providence Washington Ins. Co.* (N.D. Ohio, 1945), 8 Fed. Rules Serv. 14a.513, pág. 265; *Rutherford* v. *Pennsylvania Greyhound Lines, Inc.* v. *Commercial Motor Freight, Inc.* (S.D. Ohio, 1945), 8 Fed. Rules Serv. 14a.513, pág. 267; 3 Moore's *Federal Practice* 439; 4 Fed. Rules Serv. 902; 5 Fed. Rules Serv. 812; 29 Va. L.Rev. 981, 994–996; 31 Va.L.Rev. 188; *Cf. Malkin* v. *Arundel Corporation et al.* (1941), 36 F. Supp. 948; *Brady* v. *Black Diamond Steamship Co.* v. *Isthmian Steamship Co.* (S.D. N.Y., 1941), 5 Fed. Rules Serv. 14a.11, pág. 203; *Carbola Chemical Co., Inc.* v. *Trundle et al.* (S.D. N.Y., 1943), 3 F.R.D. 502, 7 Fed. Rules Serv. 14a.224, pág. 283; *Gray* v. *Hartford Accident & Indemnity Co.* (1940), 32 F. Supp. 335; *Sklar* v. *Hayes* v. *Singer* (E.D. Pa., 1941) 1 F.R.D. 594, 4 Fed.Rules Serv. 14a.511 pág. 275; *Atlantic Coast Line R. Co.* v. *United States Fidelity & Guaranty Co.* (1943), 52 F.Supp. 177; *Lommer* v. *Scranton-Spring Brook Water Service Co.* v. *American Oil Co.* (1944), 8 Fed.Rules Serv. 14a.513, pág. 263, 4 F.R.D. 104.

De acuerdo con la práctica federal bajo esa misma regla, cuando el demandado en acción de daños y perjuicios demandaba a un tercero alegando responsabilidad absoluta de dicho tercero hacia el demandante, y éste a su vez enmen-

bles al demandado, y omitiendo la disposición original—que seguía el procedimiento de almirantazgo, yendo más allá de la práctica en acciones civiles— que permitía a un demandado traer al pleito a otro demandado responsable solamente al demandante. En la práctica, esto parecía indicar que el demandado podía imponer otro demandado a un demandante que no lo deseaba, y por esta razón y por otras dificultades obvias motivadas por las grandes restricciones sobre jurisdicción y competencia federal, no trabajó bien. Ya que la confusión reinante parecía sobrepasar la aparente utilidad de tal práctica, el Comité consideró sabio eliminar esta medida tan indeseable. Que esto fué acertado lo indica el hecho de que han desaparecido los casos litigados bajo esta regla. Es cierto que no todos los problemas que surgen con relación a la demanda de tercero se han resuelto; todavía quedan problemas importantes de jurisdicción federal. Pero las repetidas controversias litigiosas han desaparecido. El hecho de que después de casi una década de haberse puesto en práctica, esta es la única ocasión en que se ha considerado necesario apartarse del sistema originalmente contemplado, habla por sí solo del gran valor del concepto original de las reglas.''

daba su demanda para imputar negligencia al tercero, tal enmienda constituía una aceptación del ofrecimiento de partes demandadas adicionales héchole por el demandado—que era a lo que equivalía la presentación de la demanda de tercero—y la acción de ahí en adelante se proseguía como si todos los demandados hubieren sido unidos originalmente en la demanda. *Bates* v. *Miller* (C.C.A. 2, 1943), 133 F.2d 645, 6 Fed. Rules Serv. 14a.223, pág. 217, *certiorari* denegado en 320 U.S. 210, 87 L.ed. 1848; 3 Moore's *Federal Practice* 439. Si el demandante no enmendaba su demanda, la demanda de tercero era generalmente desestimada, según hemos indicado, ya que al no enmendar, el demandante no aceptaba el ofrecimiento de partes adicionales demandadas, 3 Moore, obra citada, pág. 438; y la defensa del demandado en la acción original, predicada en la responsabilidad única de un tercero, podía proseguir sin necesidad de hacer a éste parte en el pleito. *Satink* v. *Holland Twp.*, supra; *Whitmire* v. *Partin* v. *Milton*, supra; 168 A.L.R. 600, 610. De hecho, se consideraba que en la situación descrita, el traer al pleito al tercero bajo alegaciones de responsabilidad absoluta de éste para con el demandante, que no establecieran una "reclamación" (véase "The Cause of Action", por el Juez Clark, en 82 U.Pa. L.Rev. 354) del tercero demandante contra el tercero demandado, no ayudaba en absoluto al caso del demandado, sino que, por el contrario, se desvirtuaba uno de los propósitos de la Regla 14(*a*), cual era, y sigue siendo, el de expedir la resolución de la controversia y simplificar el procedimiento, permitiendo que dos acciones puedan ser litigadas conjuntamente, en evitación de gastos y pérdida de tiempo. *Satink* v. *Holland Twp.*, supra; Bender's *Federal Practice Manual*, pág. 89 (notas); 3 Moore's *Federal Practice* 412; 54 Harv.L.Rev. 1173; 29 Va.L.Rev. 981, 994–996.

La contención de los demandados—aquí apelantes—de que su demanda de tercero planteó la controversia del

derecho a contribución, es contraria a los puntos de vista adoptados por la mayoría de las decisiones interpretando la Regla 14(a) de las federales, antes de su enmienda. No se trata en el caso de autos de una demanda de tercero que contenga alegaciones en forma alternativa, en que además de alegarse la responsabilidad absoluta del tercero demandado hacia el demandante se hubiere alegado también responsabilidad por parte del tercero demandado para con el tercero demandante. En acciones de daños y perjuicios, para plantear el derecho a contribución, cuando éste existe, de las alegaciones de la demanda de tercero debe surgir la responsabilidad del tercero demandado para con el tercero demandante como consecuencia de un daño que es atribuible a la negligencia de ambos. En ausencia de tales alegaciones, el derecho a contribución no se plantea propiamente en la demanda de tercero y no existe motivo para traer al pleito al tercero demandado. *Brennan* v. *Waterman Steamship Corporation* v. *Ryan Stevedoring Co., Inc.* (1945), 8 Fed .Rules Serv. 14a.222, pág. 255; *Roadway Express, Inc.* v. *Automobile Insurance Co. of Hartford, Conn.* v. *Providence Washington Insurance Co.,* supra; *Delano* v. *Ives* v. *Botfield,* supra. Bajo la citada regla. federal, cuando en la demanda de tercero se incluían alegaciones en la alternativa, según dejamos indicado, era inmaterial que el demandante dejara de enmendar su demanda para incluir una reclamación suya contra el tercero demandado, pues bastaba, para traer a éste al pleito, la alegación, en la demanda de tercero, de que existía o podía existir responsabilidad de su parte para con el tercero demandante. 29 Virginia Law Review 981.

El caso de *Gray* v. *Hartford Accident & Indemnity Co.,* supra, invocado por los apelantes, se distingue de los arriba citados en que en la demanda de tercero en dicho caso se alegó en la alternativa la responsabilidad absoluta del tercero demandado para con el demandante y la solidaria o individual entre el tercero demandado y el tercero demandante para

con el demandante. La doctrina del caso de *Gray* no está en conflicto con la que previamente expusimos de que un tercero demandado no puede ser traído al pleito a menos que de las alegaciones de la demanda de tercero surja, por algún concepto, responsabilidad de su parte para con el tercero demandante. 168 A.L.R. 600, 610.

Aun cuando nada hay en el récord del caso de autos que indique que el demandante en la acción original rehusó enmendar su demanda para incluir una reclamación contra los terceros demandados, sí aparece que el demandante, con anterioridad a la interposición de la misma, había relevado y descargado de responsabilidad a los terceros demandados por los daños sufridos con motivo del accidente. Los apelantes admiten que por tal circunstancia el demandante estaba impedido de enmendar su demanda para incluir una reclamación contra aquéllos. Siendo ello así, y no conteniendo la demanda de tercero alegación alguna de responsabilidad por parte de los terceros demandados hacia los terceros demandantes, que pudiera justificar bajo la Regla 14(*a*) traerlos al pleito, debemos concluir que la corte inferior actuó correctamente al desestimar la demanda de tercero, ya que no podemos perder de vista que la Regla 14(*a*) nuestra, como la 14(*a*) Federal, por ser reglas de procedimiento, no conceden derechos sustantivos a los litigantes. 3 Moore's *Federal Practice* 409; Bender's *Federal Practice Manual,* pág. 91 (nota.) En vista de la conclusión a que hemos llegado, es innecesario considerar las demás cuestiones planteadas por los apelantes en su alegato.

*Por los motivos expuestos, procede la confirmación de la sentencia apelada.*