## McPHERRIN v. HARTFORD FIRE INS. CO. (PHŒNIX INS. CO., Third Party Defendant).
### No. 72.

District Court, D. Nebraska, Omaha Division.

Feb. 14, 1940.

Brown, Fitch & West, of Omaha, Neb., represents the plaintiff.

Crofoot, Fraser, Connolly & Stryker, of Omaha, Neb., represent the Defendant.

Kennedy, Holland, DeLacy & Swoboda, of Omaha, Neb., represent the Third Party Defendant.

DONOHOE, District Judge.

The question now under consideration and for determination involves Rule 14 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, generally referred to as the rule pertaining to third party practice.

The admitted facts appearing from the pleadings or from oral agreements made upon a pre-trial hearing may be briefly stated as follows: The plaintiff shipped 1,002 head of lambs in four cars over the Western Pacific Railroad Company and the Union Pacific Railroad with destination Chicago, Illinois, and on the 3rd day of July, 1939, said shipment for the purpose of complying with the law was stopped and detained at a feeding station, owned and maintained by the Valley Stockyards & Grain Company at Valley, Nebraska, and that while being so stopped and fed, on the 4th day of July, 1939, were all destroyed by fire. Thereafter, on the 9th day of August, 1939, the plaintiff commenced this action against the Hartford Fire Insurance Company, based upon a policy of insurance, which he alleged was in full force and effect, and which policy, among other things, provided:

"The liability of this company as to all live stock insured hereunder shall begin upon the completion of the loading thereof in or on the conveyance of any common

carrier at points of origin named in the bills of lading, and shall so continue until the arrival and unloading of the same at destination named above, and when so unloaded, this company's liability shall cease."

"This insurance shall cover and protect live stock while stopped and detained in transit at feeding stations to comply with the law."

To this petition, on October 4, 1939, the defendant, Hartford Fire Insurance Company, filed its answer in substance denying that the policy was in force and effect, or covered the livestock herein sued for at the time of its destruction, and denied any liability to the plaintiff for the claim sued upon. This made a simple issue necessitating a simple trial.

On the same day, to-wit: October 4, 1939, the defendant filed its third party petition against the Phoenix Insurance Company, the prayer of which is that the plaintiff's petition be dismissed as regards the defendant, and that a judgment be entered in favor of the plaintiff, and against the third party defendant upon the petition of the plaintiff. A third party summons was obtained under order of the Court on the same day, which was duly served, and thereafter, on the 25th day of October, 1939, the so-called third party defendant, the Phoenix Insurance Company, filed a motion to strike, in which, among other things, it is alleged that the third party neither is, nor may be, liable to the defendant, Hartford Fire Insurance Company, nor to the plaintiff for all or part of the plaintiff's claim against the Hartford Fire Insurance Company, and charges that the plaintiff could not, in the first instance, have joined the third party defendant with the third party plaintiff, or the defendant, Hartford Fire Insurance Company; that there is no element of contribution between insurance companies, or co-insurance clause, or other contractual engagement diminishing, or otherwise affecting the liability, if any, of the defendant, Hartford Fire Insurance Company, to the plaintiff. To the motion is attached a copy of the policy issued by the Phoenix Insurance Company to the Valley Stockyards & Grain Company. From an examination of this insurance policy, it appears that it covers livestock, and by the ninth paragraph it is provided: "It is specifically understood and agreed that if there be any specific insurance on livestock, as above described, then this policy shall apply only after said specific insurance is exhausted."

Under Rule 7(b) (1), it would seem that the proper practice would be a motion to vacate the order granting leave to file the third party petition, and to strike the petition. However, for the purpose of this determination, we will treat the motion to dismiss as a motion to vacate.

In the arguments of counsel, on the motion to strike, it was asserted by the attorney for the Phoenix Insurance Company that the purpose of the Hartford Fire Insurance Company in bringing it into the case was a matter of legal maneuvering, seeking to convey to a jury, in the trial of the plaintiff's case, that there was another insurance company involved, and that no matter what their verdict might be, the plaintiff would be fully reimbursed. On the other hand, it was freely contended, and a proposed amendment was sought by the defendant, Hartford Fire Insurance Company, charging in substance that the plaintiff was not the real party in interest, and that he was induced to bring the action by the Phoenix Insurance Company, and proposed to offer proof in support of such allegations.

For a proper consideration of any of the new rules of civil procedure, we think it is necessary that one should keep in mind at all times the purpose which the Supreme Court undertook to serve in the adoption of these rules. These, among others, may be enumerated: (a) Simplification of procedure. (b) Speedy administration of justice. (c) Reduction of the costs of litigation. An examination of the holdings of the various trial judges in construing these rules indicate a singleness of purpose, and that is to so construe these rules as to fulfil the purpose of the Supreme Court. This is evidenced by the practical unanimity of the constructions. Happily, this has and will eliminate conflicting opinions, and will work, and is working, a simplification of our entire procedure.

With this thought and purpose in view, we must hold that Rule 14 was formulated and adopted in keeping with the purpose of all of the rules, that is: that it should be applied where it will simplify procedure, secure a speedy trial, terminate the litigation, and reduce costs. Keeping this in mind, it readily occurs to one that it cannot serve these purposes if adopted

in every case. We think it should be liberally construed where it serves the purpose intended, but whenever it tends to the opposite, it should never be applied.

 The rule is not obligatory. It is within the sound discretion of the trial judge whether to apply the rule in a case, or not. This feature of the rule was considered by the Circuit Court of Appeals for the District of Columbia in the case of General Taxicabs Ass'n v. O'Shea, 109 F.2d 671. Associate Justice Stephens, in a very learned opinion, collects and considers many authorities on the question, and we think settles the law. If we are to be motivated by the purpose of the rule, but little further discussion is necessary. Suffice it is to say that the third party procedure in this case: (a) Complicates the procedure. (b) Has delayed and will delay a speedy trial. (c) Adds expense to the litigation.

The Phoenix Insurance Company, through its attorney, has stated to the Court that it stands ready and willing to pay anything that it may owe the plaintiff after the liability of the defendant, Hartford Fire Insurance Company, has been determined under the terms of its contract. When this third party petition was filed, this case was then at issue and might have been tried at the October Term, but due to the attempt to bring in the third party defendant, and due to the many briefs and arguments that the Court has been compelled to read and hear, a trial has been greatly delayed, and the time of the Court has been unnecessarily consumed. To permit this third party practice here would defeat the very aim and object of the rule.

The question of venue that was raised, we think has been settled recently by the Supreme Court in the case of Nierbo Co. v. Bethlehem Shipbuilding Corporation, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437.

On the question of whether or not, under the provisions of the rule, the defendant would have a right to bring in the so-called third party, we are not determining. Since arriving at our present conclusion, we do not consider it necessary to do so. We think that in this, or any case like it, a Court would not be justified in applying the third party practice.

The order therefore will be that the order granting leave to file the third party petition be vacated, and that the third party petition be stricken.