## CONNELLY v. BENDER et al.
### No. 2231.

District Court, E. D. Michigan, S. D.

Jan. 7, 1941.

---

Emil E. Storkan, of Battle Creek, Mich., for plaintiff.

Knappen, Uhl, Bryant & Snow, of Grand Rapids, Mich., for defendants.

LEDERLE, District Judge.

On August 29, 1940, plaintiff filed her declaration in the state court at Battle Creek, Michigan, claiming damages for wrongful death of her decedent resulting from an accident involving defendants' motor vehicle and a locomotive of the Grand Trunk Western Railroad Company, on which locomotive plaintiff's decedent was riding at the time of the accident. The case was removed to this court on October 29, 1940, and came at issue on December 3, 1940. In the usual course an order was entered, setting the Pre-Trial Hearing for December 23, 1940, and a copy of this order was sent to counsel. At this Pre-Trial Hearing the defendants moved to add the Grand Trunk Western Railroad Company as a third-party defendant. Thereupon, plaintiff's counsel announced that plaintiff had signed a covenant not to sue said Railroad Company, and declined to amend the complaint to claim relief against the Railroad Company.

At the Pre-Trial Hearing plaintiff was granted the right to amend her complaint to include an allegation of violation of Mich.Ann.Stat. § 22.764, and it was agreed by counsel that certain exhibits, which were marked by the Reporter, were sufficiently identified and could be received in evidence at the trial without further proof. Counsel also agreed to present a formal order making other concessions that will aid in the speedy disposition of the case.

The issue between plaintiff and defendants is ready for trial. Plaintiff asserts no claim against the proposed third-party defendant, and the addition of such party at this time would cause delay and expense. It therefore follows that the motion to add said Railroad Company as a third-party defendant must be, and it hereby is, overruled.

It is further ordered that this case be placed upon the list of cases ready for trial by this court.