DELANO, Comptroller of the Currency, v.
IVES (BOTFIELD et al., Third Party,
defendants).

No. 1233.

District Court, E. D. Pennsylvania.

July 15, 1941.

Samuel E. Kratzok, of Philadelphia, Pa., for Delano.

Conlen, LaBrum & Beechwood, by Geo. E. Beechwood, all of Philadelphia, Pa., for Ives.

James E. Gallagher, Jr., of Philadelphia, Pa., for Blanche P. Botfield, etc.

Thomas J. Clary and Richard A. Smith, both of Philadelphia, Pa., for Willing, etc.

Samuel E. Kratzok, of Philadelphia, Pa., for Root and Reed.

James H. Young, of Philadelphia, Pa., for Wheatley, etc.

KIRKPATRICK, District Judge.

The plaintiff as Comptroller of the Currency brought this suit against Norman C. Ives, who was conservator of the defunct Sixth National Bank of Philadelphia from March 14, 1933, until September 29, 1934. The cause of action was non-performance, or negligent performance, of the defendant's statutory duties, in that he (a) negligently paid a dividend to depositors who were obligated to the bank, without setting off obligations which they owed the bank, (b) permitted withdrawals constituting preferences, by certain depositors, and (c) negligently made payments to certain depositors and creditors not entitled to any payment.

The defendant filed an answer denying the essential averments of the complaint and setting up the additional defenses of statute of limitations, laches, and estoppel. Subsequently he filed two third party complaints. The first sought to bring in as third party defendants the four receivers of the bank who served successively from the time that the defendant was superseded until the date of the suit. Two, Botfield and Willing, are dead, and their executors are the parties sued. The third, Root, served from June 4, 1938, to October 17, 1939, and the fourth, Reed, from the last mentioned date until the present time. The second third party complaint sought to bring in the executors of Walter Wheatley, to whom the greater part of the alleged preferential payments were alleged to have been made.

Taking up first the third party complaint, against the receivers: The allegation as to each is that he negligently and in disregard of his statutory obligation failed to act to recover the illegal payments, if any, made by Ives, with the result that recovery against the recipients has become barred by limitations or laches, or impossible because of insolvency, death or dissipation of their assets. The third party complaint concludes (a) that the receivers (and the executors of those deceased) are liable directly to the Comptroller of the Currency, (b) that they are liable to the defendant, Ives, by way of indemnity for the amount of any recovery which the plaintiff may have against him, and (c) that they are liable to the defendant, Ives, by way of contribution to any such recovery.

The plaintiff has filed motions to dismiss the third party complaints as to the present receiver, Reed, and the Wheatley Estate. Each of the third party defendants has also moved to dismiss.

Inasmuch as leave to file the third party complaints has already been granted by the Court "without prejudice to any of the parties to file any motions in due course," the plaintiff requests that his motion to dismiss be treated as a motion to vacate the order granting leave, and to strike the complaint, and the motions to dismiss will be so treated. It has been held (McPherrin v. Hartford Fire Ins. Co. [Phœnix Ins. Co.], D.C. Neb., February 14, 1940, 1 F.R.D. 88) that leave to file a third party complaint is discretionary with the Court. Beyond this, however, I think that this complaint must be dismissed as a matter of right to the moving parties.

There is no doubt that the third party complaint states a cause of action in favor of the plaintiff, the Comptroller, directly against the four succeeding receivers of the bank. But the weight of authority is to the effect that a defendant cannot compel the plaintiff, who has sued him, to sue also a third party whom he does not wish to sue, by tendering in a third party complaint the third party as an additional defendant directly liable to the plaintiff. See Satink v. Township of Holland (Lehigh Valley R. Co.), D.C. N. J., February 7, 1940, 31 F.Supp. 229. In Sklar v. Hayes (Singer v. Hayes), 1 F.R.D. 594, Judge Bard of this Court allowed the third party complaint, but only after sustaining the plaintiff's amendment charging direct liability against the third party defendant. In another case, Sussan v. Strasser, D.C., 36 F.Supp. 266, Judge Kalodner allowed it

to stand because under the third party complaint a joint tort with contribution might have developed.

In the present case, the third party complaint does not charge or suggest concert of action between Ives and the subsequent receivers. The liability pleaded is clearly not that of joint tort feasors. See Betcher v. McChesney, 255 Pa. 394, 100 A. 124. So far from amending his complaint to assert the direct liability of the receivers to him, the plaintiff has stated in open Court that he declines to do so and in addition has moved to dismiss the complaint as to the present receiver, Reed.

It follows that the allegation that the subsequent receivers are liable directly to the plaintiff provides no ground upon which the third party complaint against them can be supported.

The other ground upon which the defendant asserts his right to bring in these defendants is their liability to him by way of indemnity or contribution. As has been pointed out, there is no suggestion that Ives and his successors were joint tort feasors. The question of the right to indemnity as between successive *several* tort feasors is one of extreme difficulty and has given rise to a variety of judicial opinion. It is ably and clearly treated in an article by Professor Bohlen, Contribution among Tort Feasors, XXII Cornell L.Q. 469. I shall not attempt to reconcile the various conflicting views here. One thing seems certain, namely, that where between two successive tort feasors there is a difference in degrees of culpability, the one guilty of the major dereliction has never been allowed indemnity against the one guilty of the minor. The distinction has sometimes been expressed in terms of "active or passive" negligence, sometimes as "primary and secondary" liability.

The rule laid down by the Supreme Court of the United States goes further and holds that there can be no indemnity in favor of a tort feasor, sued for or compelled to pay damages, as against one whose fault is of equal grade and similar in character. See Union Stock Yards Co. v. Chicago, etc., R. Co., 196 U.S. 217, 25 S.Ct. 226, 49 L.Ed. 453, 2 Ann.Cas. 525. Finding no Pennsylvania authority in conflict with the Federal rule, I accept it as binding, although it is probably not necessary to apply it in this case.

As between Ives and his successors it would seem clear that the fault of Ives was primary, more nearly active, and greater in degree than the mere nonaction of the receivers. It was his negligence or misconduct which originally caused the loss to the bank's creditors. The situation is not that of the creation of a condition which merely *threatens* loss or injury and which a succeeding person who comes into control of the instrumentality negligently fails to correct before the injury happens. Here the fault was merely a failure to attempt to obtain whatever could be salvaged and so reduce the loss already occasioned.

If the Comptroller had elected to sue, say Root, and had recovered, I have no doubt that Root could have had indemnity from Ives. However, the most that can possibly be urged is that the character of the liabilities involved is substantially the same, and under the Union Stock Yards case that does not give the right to indemnity as claimed in the third party complaint.

As to contribution between wrongdoers whose misconduct is not concerted or joint: It has been suggested by writers that it might be desirable that the Court take jurisdiction of the whole controversy, assess the respective elements of blame, and apportion the damages accordingly without regard to any question of primary and secondary or active and passive fault. There is much to be said for this as a practical solution of a vexed problem. However, I find nothing to indicate that this can be done in the present state of the law. As I understand it, contribution between successive *several* tort feasors stands on the same basis as indemnity. Whenever contribution is allowed, the party seeking it must show a lesser degree of blame and not a greater.

As to the third party complaint against the Wheatley Estate: The same general considerations which have just been stated apply here, with the distinction that the liability of the Wheatley Estate, if any, arises from no tortious act, but is statutory and quasi-contractual. The third party complaint concedes that the withdrawals made by the Wheatley Estate were from a deposit standing in the name of the Estate. All the Estate did was to receive payment of a debt, the payment of which had been suspended by the law for the time being, upon the appointment of the conservator. Of course the Estate would,

ordinarily, be liable to return the money (leaving out of consideration any special defenses it may have had) and would thus be directly liable to the Comptroller, but, as in the case of Reed, the Comptroller has moved to dismiss the third party complaint, and so refuses the tender of this defendant. As against the Wheatley Estate Ives can have no contribution for reasons stronger than those in the case of the receivers. As a matter of fact, he does not claim either contribution or indemnity.

A consideration frequently moving the courts to exercise their discretion to allow third party complaints has been the desire to avoid circuity and duplication of actions. In this case, however, since the Comptroller refuses to sue the receivers or the Wheatley Estate, and since the defendant has no cause of action against any of them, all "disputed jural relations growing out of the same matter" can be resolved in the present action.

The motions to vacate leave to file the third party complaints are granted, and the complaints may be stricken.