**BULL v. SANTA FE TRAIL TRANSP. CO.**
No. 553.

District Court, D. Nebraska,
Lincoln Division.

Sept. 21, 1946.

Smith & Lebens, of Plattsmouth, Neb., and Fitzgerald, Tesar & Welch, of Omaha, Neb., for plaintiff.

G. L. DeLacy, of Omaha, Neb. (Kennedy, Holland, DeLacy & Svoboda, of Omaha, Neb.), for defendant.

DELEHANT, District Judge.

The plaintiff, a resident and citizen of California, instituted this action in the District Court of Cass County, Nebraska, against the defendant, a Kansas corporation, to recover damages for personal injuries sustained by the plaintiff in a collision in Nebraska between a standing motor transport belonging to, and operated by, the defendant through one of its employees, and a Chevrolet "Pickup" truck (hereinafter referred to as "the truck") operated by one Emery A. Rozell, but said in supplemental pleadings actually to have been owned by Emery A. Rozell and driven by Everett E. Rozell. Her petition attributes the collision to alleged negligence of the defendant. The case was removed here on the ground of diversity of citizenship and the existence of a contro-

versy involving the jurisdictional amount. In due season after removal the defendant answered.

More recently, the defendant has moved for leave to make Everett E. Rozell and Emery A. Rozell, both residents and citizens of Nebraska, parties to the action and has tendered its third party complaint, with an amendment thereto, in which it charges that the collision was due solely to negligence of the plaintiff and to the gross negligence of the proposed third party defendant, Everett E. Rozell, in the operation of the truck of Emery A. Rozell in which the plaintiff was a passenger at the time of the collision. Nebraska has a statute which makes gross negligence in the operation of a motor vehicle a requisite for liability of its owner or operator to a guest therein under the present circumstances. R.S.Nebr.1943, Section 39-740. Notice of hearing on the motion was served upon plaintiff's counsel, who did not appear, and neither formally resisted nor consented to the motion. Counsel for the defendant, thereupon presented the motion with laudable fairness and objectivity.

The plaintiff's failure explicitly to resist the motion does not relieve the court of its duty to determine whether the defendant's request is well taken and to exercise judicial discretion in its ruling upon the motion. And it is generally recognized that the allowance or rejection of a motion of this character lies in the court's informed discretion. McPherrin v. Hartford Fire Insurance Co., D.C.Neb., 1 F.R.D. 88; Reed v. Hickey, D.C.Pa., 2 F.R.D. 92; United States v. Jollimore, D.C. Mass., 2 F.R.D. 148; Tullgren v. Jasper, D.C.Md., 27 F.Supp. 413; General Taxicab Ass'n v. O'Shea, 71 App.D.C. 327, 109 F.2d 671. The language of Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c within which the motion is presented leaves no doubt of the discretionary authority of the court. Its Section (a) provides that, "Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall make his defenses as provided in Rule 12 and his counterclaims and cross-claims against the plaintiff, the third-party plaintiff, or any other party as provided in Rule 13. The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff. The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him or to the third-party plaintiff for all or part of the claim made in the action against the third-party defendant."

Exercising the discretion committed to it by the rule, the court has concluded that the motion should be denied in the posture and circumstances of the present action. Its reasons will be mentioned briefly and without unnecessary discussion or citation of authorities.

No question of identity of citizenship is involved, for, even with the Rozells as parties, the required diversity would exist. The court's ruling is bottomed wholly upon the nature of the claim which the defendant seeks to assert against the Rozells, not in any sense for its own protection or recoupment, but solely for the ostensible benefit of the plaintiff. It is not asserted that the Rozells or either of them are "or may be liable to" the defendant "for all or part of the plaintiff's claim against" it. It is contended by the defendant only that the Rozells are solely liable to the plaintiff, for the averred reason that the gross negligence of the operator of the truck in which she was riding was the proximate

cause of the collision. Obviously, not even the relation of joint tort feasors is involved as between the defendant on the one hand, and the Rozells on the other, although the court does not mean to suggest that the presence of that relation would change the course of the ruling. The defendant simply denies its liability, among other reasons, on the ground that liability rests entirely on the Rozells.

Its gesture is, therefore, merely the tendering to the plaintiff of two added defendants, against whom, or either of whom, if they be made parties, she may, at her election, either seek judgment through amended complaint, or refuse, or simply fail, to proceed. Presumably her attorneys considered her relations to the Rozells in the preparation of her present complaint and elected not to proceed against either of them. There is no practical purpose to be served by a judicial invitation to them to alter their resolution. Delano v. Ives, D.C.Pa., 40 F.Supp. 672; Malkin v. Arundel Corporation, D.C.Md., 36 F.Supp. 948; Satink v. Holland Township, D.C.N.J., 31 F.Supp. 229; Connelly v. Bender, D.C. Mich., 36 F.Supp. 368. In certain of the cases just cited the courts were driven to the somewhat humiliating expedient of vacating orders including third party defendants, because the plaintiffs had stood on their rights, failed to present claims against the new parties, and thereby made the courts' earlier orders inoperative and somewhat absurd.

If the court could perceive any possibility that the importation into the case of the proposed third parties might serve either wholly or partially to indemnify the defendant against such liability, if any, as may ultimately be fastened upon it, the motion would be sustained. But no such claim is suggested. Nor could it be seriously asserted in the factual setting of the action.

Quite evidently, the defendant would prefer to make its defense against the charge of its negligence as the proximate cause of the collision, with the Rozells before the court as parties to the suit. But that is not a sufficient reason for their inclusion as third parties. The issue between the plaintiff and the defendant as the only parties to the action is upon the defendant's liability to the plaintiff; and, as between them, that is what the issue would continue to be if the Rozells were brought into the case. And, even though they be not made parties, the defendant, under its original answer, as also under its amended answer, may present evidence, if the facts warrant it, to show that negligence on the part of the driver of the truck in which the plaintiff was a passenger, was the proximate cause of the accident; and the contention thus urged will be drawn to the jury's attention in the court's charge. The court is not disposed to subject the Rozells to the burden of inclusion as parties to the action in which the only person conceivably having a claim against them has refrained from involving them, upon the arguable hypothesis that, thereby, the psychological setting for a defense to the plaintiff's demand against the defendant may be bettered.

Another consideration suggests the denial of the defendant's motion. The action has been here since April 1, 1946. It was filed in the state court on February 1, 1946. After preliminary pleading by motion in this court, the defendant answered on May 17, 1946. Pre-trial conference under Rule 16 was had on May 31, 1946; and during its progress the parties negatived the "necessity or desirability of amendments to the pleadings" and recognized the maturity of the issues and the availability of the case for trial. The statutory October, 1946, term of the court will convene on October 7, 1946, and the jury will report for service on October 21, 1946. The allowance of the motion would quite surely necessitate the adjournment of the trial beyond the term. If the defendant were entitled as of right to the order it seeks in its motion, the consequence of a continuance would not justify its denial. However, that virtually certain result is adequate to deter the court from granting the order which so clearly depends upon judicial discretion. Of course, if any conditions reasonably require a continuance it will be granted on their account.

But a continuance will not be invited by the reasonably unnecessary opening of the pleadings.

 The court presumes to offer a concluding comment; but only with considered limitation of its effect. Rule 14, supra, is presently in full force and effect and must be administered by the district courts. But the employment during eight years of the Federal Rules of Civil Procedure has disclosed certain particulars in which, it is believed, they may be improved. Accordingly, mature study has been devoted to several proposed alterations in their form or substance, or in both. And, as of June 14, 1946, the Advisory Committee on Rules for Civil Procedure lodged with the Supreme Court its "Report of Proposed Amendments to Rules of Civil Procedure for the District Courts of the United States". The committee in that report recommends certain alterations in Rule 14. And, principally, it urges that the words "or to the plaintiff" be deleted from the first sentence of the present rule and that other accommodating changes be made. The effect of such an alteration would be to intercept altogether the right of a defendant to move for the inclusion of a third party in the circumstances now before the court. Let it be repeated that the proposed amendment has not been made—and may never be made—and does not even remotely control the ruling now announced. But the reasons which prompted the committee to make its recommendation are interesting In short summary, they are that experience has shown the rule to be impracticable and futile so far as it attempts to cover the situation presently under study. Says the committee: "The provisions in Rule 14(a) which relate to the impleading of a third party who is or may be liable to the plaintiff have been deleted by the proposed amendment. It has been held that under Rule 14(a) the plaintiff need not amend his complaint to state a claim against such third party if he does not wish to do so". (citing authorities and quoting from Delano v. Ives, supra,) "Thus impleader here amounts to no more than a mere offer of a party to the plaintiff, and if he rejects it, the attempt is a time consuming futility". (Again citing authorities). "Moreover, in any case where the plaintiff could not have joined the third party originally because of jurisdictional limitations such as lack of diversity of citizenship, the majority view is that any attempt by the plaintiff to amend his complaint and assert a claim against the impleaded third party would be unavailing." (Citing many further authorities) "For these reasons, therefore, the words 'or to the plaintiff' in the first sentence of subdivision (a) have been removed by the amendment; and in conformance therewith the words 'the plaintiff' in the second sentence of the subdivision, and the words 'or to the third-party plaintiff' in the concluding sentence have likewise been eliminated." (See "Report of Proposed Amendments to Rules of Civil Procedure for the District Courts of the United States", printed, June, 1946, by United States Government Printing Office, pages 19 to 22 inclusive).

The committee's reasoning and understanding of the weight of authority upon the present rule appear to the court to be unassailable. In harmony with that reasoning and authority, except to the extent that they deal with the presently irrelevant factor of diversity of citizenship, —though not because of the foreshadowed amendment of the rule—the court considers that the allowance of the defendant's request would not be reconcilable with mature judicial discretion.

An order is being entered accordingly.