GABRIEL GARCÍA MOLINA, Plaintiff and Appellee, *v.* GOVERNMENT OF THE CAPITAL and THE PORTO RICAN & AMERICAN INSURANCE COMPANY, Defendants and Appellants, and RICARDO QUINTERO and THE GREAT AMERICAN INDEMNITY COMPANY, Third-party defendants and Appellees.

No. 9706. Argued January 13, 1949.—Decided July 21, 1949.

*Córdova & González* and *Alberto Picó* for appellants. *R. Rivera
Zayas, G. Rivera Cestero,* and *Milton F. Rúa* for third-party
defendants-appellees. *Ernesto Juan Fonfrías* and *Santiago
Polanco Abréu* for plaintiff-appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of
the Court.

On June 23, 1947, Gabriel García Molina brought an
action in the District Court of San Juan against the Govern-
ment of the Capital and The Porto Rican & American Insur-

ance Co., claiming damages in the sum of $25,000 for injuries and incapacities resulting from a collision of vehicle P-4149, public carrier, in which he traveled as a passenger, with truck GM-41, owned by the Government of the Capital. The truck, according to the complaint, was parked with all its lights out on Highway No. 2 facing towards San Juan, at about seven yards from the right-hand edge of the highway. Plaintiff expressly alleged that in said accident there was no "fault, liability, or negligence" on the part of the driver of vehicle P-4149.

Defendants answered denying the essential averments of the complaint, and among other special defenses they alleged that the accident was due to and had as a proximate cause the sole negligence of the driver [of the vehicle in which the plaintiff was traveling] Manuel Rodríguez, "who failing to take any precautions and driving in a careless manner did not perceive the presence of the other vehicle parked at his right before the collision occurred." Subsequently, defendants filed a third-party complaint with leave of the court against Ricardo Quintero and The Great American Indemnity Co., owner and insurer, respectively, of the vehicle in which plaintiff was traveling, and alleged that the accident was due solely and exclusively to the negligence of the driver of said vehicle and requested that the complaint be dismissed as to them and sustained as to the third-party defendants. The latter requested the dismissal of the complaint filed against them on the ground, among others, that the plaintiff had released and discharged the third-party defendants from all liability by reason of the accident and had signed a receipt to that effect. An order was issued dismissing the third-party complaint on that ground, and the third-party plaintiff's asked that judgment be rendered in accordance with said order, and after this was done, they took an appeal therefrom, assigning as error in their brief the lower court's dismissal of their third-party complaint.

Appellants contend that even though in their third-party complaint it is only alleged that the third-party defendants are liable to the plaintiff for all the claim, without there being any allegation to the effect that the third-party defendants are or may be liable to the third-party plaintiffs for part of plaintiff's claim, from the complaint there appears a possible right to contribution in favor of appellants, for which reason said complaint should be interpreted as setting up such right to contribution. We do not agree.

■ Rule 14 (a) of the Rules of Civil Procedure, under which the third-party complaint was filed, permits the defendant in the original action to sue a third person when the latter "is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him"; and provides that "the plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant."

Rule 14 (a) above cited is a literal adaptation of Rule 14 (a) of the Federal Rules of Civil Procedure, as the latter Rule read before the amendment proposed by the Supreme Court of the United States on December 27, 1946, and subsequently adopted.[1] Therefore, for the application of our

---

[1] One of the purposes of the amendment proposed on December 27, 1946 and subsequently adopted was to eliminate from the original text of the rule the part concerning the authorization which was implied therefrom to the effect that the defendant could implead the third-party defendant under an allegation that he was or could be absolutely liable to *the plaintiff.* Evidently the amendment was due to the view adopted by the majority of the decisions interpreting the scope of the original rule, under the circumstances indicated. Bender's Fed. Practice Manual, p. 89 *et seq.,* footnotes. 3 Moore's Federal Practice 405 *et seq.* In both works the Advisory Committee's report of proposed amendments to Federal Rules of Civil Procedure which gave rise to the amendment of Rule 14(a), is set forth and commented.

Judge Clark, in his article "Experience under the Amendments to the Federal Rules of Civil Procedure", which appears in 8 Fed. Rules Dec. 497, expresses himself as follows in commenting, among others, the mentioned amendment to the rules: "The third exception here to be noted was the only one which may be considered a retreat from an advanced position.

Rule 14 (*a*) to the case at bar, it is necessary to examine the scope and interpretation given by the Federal Courts and the authorities on this matter to Federal Rule 14 (*a*) before it was amended. It is to such Rule, prior to its amendment, that we refer in the course of this opinion.

The decisions construing the above-cited Federal Rule, in their great majority, establish that when the third-party complaint is predicated only on the absolute liability of the third-party defendant to the plaintiff in the original action, the latter may amend his complaint to include a claim against the third-party defendant, although he is not obliged to do so; and if he fails to do so, the third-party defendant is entitled to the dismissal of the third-party complaint. *Satink* v. *Holland Township* (D.N.J., 1940), 31 F. Supp. 229; *Delano* v. *Ives* v. *Botfield* (E.D. Pa., 1941), 40 F. Supp. 672; *Connelly* v. *Bender et al.* (E.D. Mich., 1941), 36 F. Supp. 368); *Whitmire* v. *Partin* v. *Milton* (E.D. Tenn., 1941), 2 F.R.D. 83, 5 Fed. Rules Serv. 14*a*. 513, p. 225; *Roadway Express, Inc.* v. *Automobile Ins. Co. of Hartford, Conn.* v. *Providence Washington Ins. Co.* (N.D. Ohio, 1945), 8 Fed. Rules Serv. 14*a*. 513, p. 265; *Rutherford* v. *Pennsylvania Greyhound Lines, Inc.* v. *Commercial Motor*

That was the amendment limiting impleader of third parties in Rule 14 to those who were liable over to the defendant and omitting the original provision—which had gone beyond the practice in civil actions to the admiralty model—of allowing a defendant to bring in another defendant answerable only over to the plaintiff. In experience this had seemed to suggest that a defendant might force another defendant upon an unwilling plaintiff, and had not worked well for this reason and for other obvious difficulties presented by the great restrictions upon federal jurisdiction and venue. Since the resulting confusion seemed to outweigh any apparent utility of the practice, the Committee considered it wise to eliminate this troublesome feature. That this was sound is indicated by the drying up of the disputed cases under the rule. True not all problems arising in connection with impleader are solved; there still remain substantial questions of federal jurisdiction. But the repetitiously debated issues are gone. That this is the sole instance where some retreat from the system originally visualized was found necessary after nearly a decade of experience is itself a commentary on the validity of the original concept of the rules."

*Freight, Inc.* (S.D. Ohio, 1945), 8 Fed. Rules Serv. 14*a*. 513, p. 267; 3 Moore's Federal Practice 439; 4 Fed. Rules Serv. 902; 5 Fed. Rules Serv. 812; 29 Va. L. Rev. 981, 994–996; 31 Va. L. Rev. 188; *Cf. Malkin* v. *Arundel Corporation et al.* (1941), 36 F. Supp. 948; *Brady* v. *Black Diamond Steamship Co.* v. *Isthmian Steamship Co.* (S.D. N. Y., 1941), 5 Fed. Rules Serv. 14*a*. 11, p. 203; *Carbola Chemical Co., Inc.* v. *Trundle et al.* (S.D.N. Y., 1943), 3 F.R.D. 502, 7 Fed. Rules Serv. 14*a*. 224, p. 283; *Gray* v. *Hartford Accident & Indemnity Co.* v. *Robinson* (1940), 32 F. Supp. 335; *Sklar* v. *Hayes* v. *Singer* (E.D. Pa., 1941) 1 F.R.D. 594, 4 Fed. Rules Serv. 14*a*. 511, p. 275; *Atlantic Coast Line R. Co.* v. *United States Fidelity & Guaranty Co.* (1943), 52 F. Supp. 177; *Lommer* v. *Scranton-Spring Brook Water Service Co.* v. *American Oil Co.* (1944), 8 Fed. Rules Serv. 14*a*. 513, p. 263, 4 F.R.D. 104.

■ In accordance with the federal practice under that same rule, when the defendant in a tort action impleaded a third party alleging absolute liability of said third party to the plaintiff, and the latter in turn amended his complaint to charge negligence to the third party, such amendment constituted an acceptance of the tender of additional parties-defendant made by the defendant—which was to what the filing of a third-party complaint was equivalent—and the action thereafter was prosecuted as if all the defendants had been originally joined. *Bates* v. *Miller* (C.C.A. 2, 1943), 133 F. (2) 645, 6 Fed. Rules Serv. 14*a*. 223, p. 217, cert. denied in 320 U. S. 210, 87 L. Ed., 1848; 3 Moore's Fed. Pratice 439. If the plaintiff failed to amend his complaint, the third-party complaint was generally dismissed, as we have already indicated, inasmuch as in not amending it, the plaintiff did not accept the tender of additional parties defendant, 3 Moore, op. cited, p. 438; and the defense of the defendant in the original action, based on the sole liability of the third party, could be prosecuted without the need of joining said party. *Satink* v. *Holland Twp., supra; Whitmire*

v. *Partin* v. *Milton, supra;* 168 A.L.R. 600, 610.   As a matter of fact, it was considered that in the situation described the impleading of the third party under allegations of sole liability of the latter to the plaintiff that did not assert a "claim" (see "The Cause of Action," by Judge Clark, 82 U. Pa. L. Rev. 354) by the third-party plaintiff against the third-party defendant, did in no way aid the case of the defendant, but, on the contrary, defeated one of the purposes of Rule 14 (a), which was, and still is that of expediting the decision of the controversy and simplifying the procedure by allowing that two actions be litigated jointly and thus avoiding expenses and loss of time.   *Satink* v. *Holland Twp., supra;* Bender's Fed. Practice Manual, p. 89 (footnotes) ; 3 Moore's Fed. Practice 412; 54 Harv. L. Rev. 1173; 29 Va. L. Rev. 981, 994–996.

■ The contention of defendants—appellants herein— that their third-party complaint raised the question of the right to contribution, is contrary to the view adopted by the majority of the authorities interpreting Federal Rule 14 (a) prior to its amendment.   In the case at bar we are not dealing with a third-party complaint that contains allegations in an alternative manner, in which besides alleging the absolute liability of the third-party defendant towards the plaintiff, the liability of the third-party defendant to the third-party plaintiff is also alleged.   In tort actions, in order to raise the right to contribution, when it exists, there should appear from the allegations of the third-party complaint the liability of the third-party defendant to the third-party plaintiff as a result of a tort which may be attributed to the negligence of both.   In the absence of such allegations, the right to contribution is not properly raised in the third-party complaint and there is no ground to implead the third-party defendant.   *Brennan* v. *Waterman Steamship Corporation* v. *Ryan Stevedoring Co., Inc.* (1945), 8 Fed. Rules Serv. 14a. 222, p. 255; *Roadway Express, Inc.* v. *Automobile Insurance*

*Co. of Hartford, Conn.* v. *Providence Washington Insurance Co., supra; Delano* v. *Ives* v. *Botfield; supra.* Under the above-cited federal rule, when in a third-party complaint there were included alternative allegations, as we have already stated, it was immaterial whether or not the plaintiff amended his complaint to include a claim of his own against the third-party defendant, since it was enough in order to bring the latter into the suit the allegation in the third-party complaint that the third-party defendant was or could be liable to the third-party plaintiff. 29 Virginia Law Review 981.

The case of *Gray* v. *Hartford Accident & Indemnity Co., supra,* cited by appellants is distinguished from the above-cited cases in that in the third-party complaint in said case it was pleaded alternatively the sole liability of the third-party defendant to the plaintiff and the several or individual liability of the third-party defendant and third-party plaintiff to the plaintiff. The doctrine laid down in the case of Gray is not in conflict with that which we have set forth above to the effect that a third-party defendant can not be brought into the suit unless from the allegation of the third-party complaint it appears that for some reason he is liable to the third-party plaintiff. 168 A.L.R. 600, 610.

Even though there is nothing in the record of the case at bar showing that plaintiff in the original action refused to amend his complaint to include a claim against the third-party defendants, it appears that plaintiff, prior to the institution of the action, had released and discharged the third-party defendants from liability for the damages sustained by reason of the accident. Appellants admit that due to such circumstance the plaintiff was barred from amending his complaint to include a claim against the third-party defendant. This being so, and since the third-party complaint does not contain any allegation of liability on the part of the third-party defendants to the third-party plaintiffs which might justify, under Rule 14 (*a*), their being impleaded, we must conclude that the lower court acted correctly in dismis-

320

sing the third-party complaint, since we can not lose sight of the fact that our Rule 14 (a), as well as Federal Rule 14 (a), being a rule of procedure, does not grant substantive rights to the litigants. 3 Moore's Fed. Practice 409; Bender's Fed. Practice Manual, p. 91 (footnote). In view of the conclusion we have reached, it is unnecessary to consider the other questions raised by appellants in their brief.

For the foregoing reasons, the judgment appealed from is affirmed.