**BILL CURPHY CO. v. LINCOLN BONDING & INSURANCE CO. (BORNEMEIER et al., third party defendants).**

Civ. A. No. 16–52.

United States District Court
D. Nebraska, Lincoln Division.

July 23, 1952.

———◆———

Hird Stryker, Jr., and Fraser, Connolly, Crofoot & Wenstrand, of Omaha, Neb., for plaintiff.

Guy C. Chambers, Chambers, Holland & Groth, of Lincoln, Neb., for defendant and third party plaintiff.

Herman Ginsburg, Ginsburg & Ginsburg and Max Kier, of Lincoln, Neb., for Robert Bornemeier, third party defendant.

Guy J. Birch, Beynon, Greenamyre & Hecht, of Lincoln, Neb., for Sylvester M. Dungan, third party defendant.

DELEHANT, District Judge.

Bornemeier, one of the two third party defendants, has moved to dismiss as to him the third party complaint, whose filing was earlier allowed by the court upon motion of the defendant made after answer and upon notice to the plaintiff. Rule 14(a), Fed. Rules Civ.Proc. 28 U.S.C.A. The motion to dismiss the third party complaint in its entirety is being denied. And the motion is directed at the third party complaint as a whole rather than at any part of it.

It is recognized by the contending parties that the allowance of third party procedure within Rule 14 and its vacation, once improvidently initiated rest in the mature and informed discretion of the court. Baltimore & Ohio R. Co. v. Saunders, 4 Cir., 159 F.2d 481; Sporia v. Pennsylvania Greyhound Lines, 3 Cir., 143 F.2d 105; General Taxicab Association Inc. v. O'Shea, 71 App.D.C. 327, 109 F.2d 671; Bull v. Santa Fe Trail Transportation Co., D.C. Neb., 6 F.R.D. 7; Andromidas v. Theisen Bros., D.C.Neb., 94 F.Supp. 150; Lee's Inc. v. Transcontinental Underwriters, etc., D.C.

Md., 9 F.R.D. 470; Reed v. Hickey, D.C. Pa., 2 F.R.D. 92; Union National Bank v. Superior Steel Corp., D.C.Pa., 9 F.R.D. 128. And the writer of this memorandum may freely acknowledge his entertainment of a firm conviction that such discretion should be exercised circumspectly and carefully to the end, first, that in each appropriate setting the desirable objectives of Rule 14 may be achieved and not denied, but, secondly, that the rule may not, by its perfunctory and ill considered application, be perverted into an instrument for the accomplishment of fraud upon the jurisdiction of the court.

With that preliminary observation, it is obvious that, subject to the reservation indicated later herein and reflected in the accompanying order, the circumstances of the present action provide an appropriate occasion for the use of the practice.

In its present form, Rule 14(a) allows the bringing in by a defendant of one not originally a party to an action as a third party defendant "who is or may be liable to" the defendant "for all or part of the plaintiff's claim against" the defendant. No other jurisdictional prerequisite to the employment of the procedure is expressly imposed by the rule.

Here the defendant, sued by the plaintiff on a sub-contractor's performance bond and a sub-contractor's payment bond in each of which the plaintiff is the obligee, Dungan the contractor-obligor, and the defendant the surety-obligor, seeks to hold as liable to it for any recovery against it by the plaintiff, (a) Dungan both as primary obligor in the bonds and as the maker of special engagements for the defendant's indemnification contained in the application for the bonds, and (b) Bornemeier by virtue of an express written joinder in the engagements of Dungan endorsed on that application. It is difficult for the court to conceive a more fitting background than the plaintiff's action and demand against the original defendant, for resort to Rule 14(a), since the asserted obligations of Bornemeier and Dungan arise out of their procurement of the bonds on which the plaintiff predicates its claim against the defendant. What has

just been said is limited to that portion of the original defendant's third party complaint only which seeks judgment against the third party defendants "for all sums that may be adjudged against Lincoln Bonding and Insurance Company in favor of plaintiff". Neither it nor the jurisdictional discussion which follows is oriented to so much of the third party complaint as undertakes to litigate as between the original defendant and the third party defendants any demands beyond the ultimate incidence of liability for the plaintiff's claim against the original defendant.

Bornemeier challenges the jurisdiction of this court over him under the third party complaint on jurisdictional grounds, and particularly for want of diversity of citizenship as between the original defendant and the moving third party defendant.

█ █ It is true that the original defendant and both of the third party defendants are citizens of Nebraska. But, the jurisdiction of this court having been validly invoked and clearly existing as between the plaintiff and the original defendant, it is now the settled position of the great majority of Federal courts that, in support of the otherwise permissible bringing in of third party defendants to answer a claim, which is clearly ancillary to the primary claim in suit, no new and independent ground of jurisdiction need exist as between the original defendant and the third party defendants, and specifically that community of state citizenship as between them will not require the denial or dismissal of third party procedure. Tullgren v. Jasper, D.C.Md., 27 F.Supp. 413; Yap v. Ferguson, D.C.N.Y., 8 F.R.D. 166; United States v. Pryor, D.C.Ill., 2 F.R.D. 382; Falcone v. City of New York, D.C.N.Y., 2 F.R.D. 87; Schram v. Roney, D.C.Mich., 30 F.Supp. 458; Morrell v. United Air Lines Transport Corp., D.C.N.Y., 29 F.Supp. 757; United States v. Hecht, D.C.O., 9 F.R.D. 340; Goodard v Shasta S. S. Co., D.C.N.Y., 9 F. R.D. 12; Millsap v. Lotz, D.C.Mo., 11 F. R.D. 161. See also discussion in Sheppard v. Atlantic States Gas Co., 3 Cir., 167 F.2d 841. That some divergence of opinion upon the subject exists must be acknowledged; but the preponderance of authority favors the rule just stated. See textual analysis and discussion Moore's Federal Practice, Second Edition, Vol. 3, p. 496, Section 14.26.

In its refusal to dismiss the third party complaint as against Bornemeier for want of diversity of citizenship between the third party plaintiff and the third party defendants, the court goes no farther than to assert that the third party complaint is not dismissable on that ground, insofar as it asks judgment for indemnification at the hands of the third party defendants for any amounts adjudged in this case to be due from the original defendant to the plaintiff. The court is fully aware that the prayer of the pleading also asks judgment "for all sums that have been paid by Lincoln Bonding and Insurance Company under and by virtue of said bonds". The court expressly reserves for future consideration and ruling upon its appropriate tender hereafter, the question of the right of the original defendant in this action, or in this court, to have recovery against the third party defendants in respect of that item. To the extent that the demand asserted in those words extends or may extend beyond the plaintiff's claim, the court disclaims any present intention to make application of the foregoing reasoning and authorities.

The motion to dismiss also asserts as a ground for its allowance the failure of the third party complaint to state a claim on which relief can be granted. This specification seems to rest principally on two positions. The first is that a present claim by the original defendant against Bornemeier may not be maintained because Bornemeier's contract is one of guaranty under which no action will lie in Nebraska's state courts upon the mere assertion of a claim like that of the plaintiff against the defendant or until the beneficiary of the guaranty has sustained actual pecuniary loss. The second is that upon a contract of guaranty, by Nebraska's state court practice, a guarantor may not be joined as a defendant to an action with him whose fidelity he has guaranteed. For the purpose of the consid-

eration of those contentions, the court will regard Bornemeier's undertaking (without affirmatively deciding the matter) as a contract of guaranty. The original defendant so characterizes it in the third party complaint.

Undoubtedly, Rule 14 must be so administered that effect will be given upon all controverted issues of substantive law to the applicable state law, in this instance that of Nebraska. But that requirement does not extend to matters of procedure. And the issues of prematurity and misjoinder of defendants in the present setting seem to be rooted in procedure. In this connection, Judge Nordbye's opinion in Jeub v. B/G Foods Inc., D.C.Minn., 2 F.R.D. 238 is instructive. To be sure where by the administrable substantive laws of the state no right asserted by the third party plaintiff against the third party defendant conceivably exists or may exist, the third party procedure should not be allowed. It should not be employed with inevitable and manifest futility. That was the controlling view of this court in Andromidas v. Theisen Bros., supra. But procedural considerations do not compel the same action.

Reference to Rule 14(a) reminds the court that it provides for the permissible bringing in as a third party defendant not only of one who *is* liable to the moving defendant for all or part of the plaintiff's claim against the defendant but also of one who *may be* so liable. The allowable reach of the rule may extend to a person who is not presently subject to suit under Nebraska's practice. But neither Nebraska's legislature nor its courts may by procedural prescriptions limit this court's jurisdiction. How far the state's substantive law may affect the judgment, if any, ultimately to be rendered against the third party defendants is another problem and will be dealt with if and when it arises and in the light of the then posture of this action.

An order accordingly is being made and given concurrently herewith.