No. 1214.

United States District Court
W. D. Missouri, S. D.

Sept. 8, 1953.

## BALDWIN v. HARTFORD ACC. & INDEM. CO. et al.

Civ. A. No. 62–52.

United States District Court
D. Nebraska, Lincoln Division.

Aug. 19, 1953.

George Healey, Richard D. Wilson, Robert A. Barlow, Jr., Davis, Healey, Davies & Wilson, of Lincoln, Neb., for plaintiff.

G. L. DeLacy, L. J. Tierney, Edward A. Mullery, Kennedy, Holland, DeLacy & Svoboda, of Omaha, Neb., for defendant Hartford Acc. & Indem. Co.

H. A. Brubaker, Brubaker & Brubaker, of Nelson, Neb., George F. Johnson, Jr., of Superior, Neb., William C. Hastings, Chambers, Holland & Groth, of Lincoln, Neb., LaRue Royce, H. H. Dunham, Jr., Royce, Hampton, Dunham, Royce & Engleman, of Salina, Kan., Robert VanPelt, VanPelt, Marti & O'Gara, of Lincoln, Neb., Harvey W. Hess, of Hebron, Neb., and Hubka & Hubka, of Beatrice, Neb., for several defendants other than Hartford Acc. & Indem. Co.

DELEHANT, District Judge.

The ruling now announced arises out of two separate motions of the defendant Hartford Accident and Indemnity Company (later herein referred to as Indemnity Company), filed after answer, under Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A., for leave to bring in as third-party defendants to this action (a) Vernon F. Kuhlmann and Wilma Kuhlmann (filing 56), and (b) Nebraska Security Bank and Jennings State Bank (filing 58). Notice of the motions has been served upon the plaintiff and its codefendants by the moving defendant.

The action was brought by the plaintiff, as designated trustee, upon a bond given by Vernon F. Kuhlmann, doing business as Deshler Sales Company, as principal, and Indemnity Company, as surety, under the Packers and Stockyards Act of 1921, as amended, 7 U.S.C.A. § 181 et seq., to recover damages allegedly sustained by the other defendants by reason of Kuhlmann's failure to perform the conditions of the bond. The bond was furnished by Kuhlmann as a registered salesbarn operator under the Act, and authorized suit, in the event of default under its terms, either by any person damaged by its breach or by the designated trustee, that is to say, the plaintiff. It was in the penal sum of $52,000. The plaintiff, in suing upon it, included as defendants not only the Indemnity Company but also the supposedly injured parties and beneficiaries of his trust. Many, if not all, of those beneficiaries have served and filed answers setting up their several claims under the bond and the respective amounts thereof.

Generally, the default alleged consisted in Kuhlmann's purchase of livestock from the several codefendants of Indemnity Company and failure to make payment therefor. And, usually, if not invariably, the failure to pay arose from the dishonoring by the drawee bank or banks of checks drawn in supposed payment for the livestock.

The motions for leave to bring in third parties rest upon separate and different grounds and require individual treatment.

By filing 56, Indemnity Company seeks to have Vernon F. Kuhlmann, principal on the bond, and Wilma Kuhlmann brought in as defendants. And by its proposed third-party complaint against them, it prays for judgment against both of them "for all sums that may be adjudged against" it in favor of the plaintiff or any of its codefendants. Such relief is expressly premised on provisions, contained in the written application of Vernon F. Kuhlmann for the bond in suit, whereby the applicant undertook to indemnify the Indemnity Company "against all loss, liability, costs, damages, attorneys fees and expenses whatever, which Hartford Accident and Indemnity Company may sustain or incur by reason of executing said bond" and in investigations and litigation ensuing from such bond; and in a supplement to the application signed by Wilma Kuhlmann, wherein she ostensibly joined in the indemnity agreement of the application and agreed to be bound by it.

Touching Vernon F. Kuhlmann, it has also to be recalled that he is alleged to have executed the bond itself as its principal obligor, for whose primary undertaking In-

demnity Company is liable, if at all, only as surety.

It thus appears that the pleadings assert a factual situation which, if true, and subject to possible defenses, warrants the conclusion that by express contract, each of the said Vernon F. Kuhlmann and Wilma Kuhlmann "is or may be liable to" Indemnity Company "for all or part of the plaintiff's claim against" it. Such a situation, by the express language of Rule 14(a), supports resort to the rule for the bringing in of third-party defendants and the initiation of proceedings against them.

■ This court recognizes that a motion made under Rule 14(a) is not imperatively to be granted but is rather addressed to the sound discretion of the court. Upon each such motion the court must inquire and determine whether the interests of expedition, economy and justice will be served by the allowance of the moving defendant's demand. Judge (now Chief Judge) Donohoe so declared in McPherrin v. Hartford Fire Insurance Co., D.C.Neb., 1 F.R.D. 88. And the present writer expressed a like view in Bull v. Santa Fe Trail Transportation Co., D.C.Neb., 6 F.R.D. 7; Bill Curphy Co. v. Lincoln Bonding & Insurance Co., D.C.Neb., 13 F.R.D. 146; and Andromidas v. Theisen Bros., D.C.Neb., 94 F.Supp. 150. See also State of Missouri v. Fidelity and Deposit Co. of Md., 8 Cir., 179 F.2d 327; General Taxicab Association v. O'Shea, 71 App.D.C. 327, 109 F.2d 671; Baltimore & Ohio R. Co. v. Saunders, 4 Cir., 159 F.2d 481; Tullgren v. Jasper, D.C.Md., 27 F. Supp. 413; Kelly v. Pennsylvania R. Co., D.C.Pa., 7 F.R.D. 524; Union National Bank of Youngstown, Ohio v. Superior Steel Corporation, D.C.Pa., 9 F.R.D. 128; Goodard v. Shasta Steamship Co., D.C.N. Y., 9 F.R.D. 12; Rutherford v. Pennsylvania Greyhound Lines, D.C.Ohio, 7 F.R.D. 245; Lee's Inc. v. Transcontinental Underwriters, etc., D.C.Md., 9 F.R.D. 470.

■ In the present action it would appear that the court's discretion ought certainly to be exercised in favor of the bringing into the action of both of the Kuhlmanns. It is quiet true that the court can perceive from matters already drawn to its attention that one or both of them may be able to assert and maintain valid defenses to the entry of a final judgment in harmony with the prayer of the third-party complaint. But, at least in part, such defenses require affirmative assertion and may be waived. And, in any event, that is a consideration which, however persuasive in the determination of the merits as between Indemnity Company and the Kuhlmanns, ought not to be allowed to intercept the making and trial of the issues between them. The motion for leave to make the Kuhlmanns third-party defendants is, therefore, being granted and sustained.

The effort in filing 58 to bring in the two banks is much less surely supported. Briefly summarized, the proposed third-party complaint against them contends that the claim of the plaintiff in behalf of "various of the defendants" is based on checks drawn upon an account in Nebraska Security Bank, of Deshler, Nebraska, which was a so-called "custodial" account, containing, as the bank's officers knew, trust funds held in the name of Vernon F. Kuhlmann as trustee for the persons holding such checks which funds were not to be used by Kuhlmann for his own purposes, and that the Nebraska Security Bank nevertheless allowed Kuhlmann to use, and aided in and facilitated his using such funds for his own personal purposes. The contention is advanced that thereby the bank gave Kuhlmann a false show of credit which led to the losses alleged by the claimants under the bond in suit. And against both banks the third-party complaint alleges that they conspired between themselves and Vernon F. Kuhlmann to carry on, and did carry on, through the accounts of Kuhlmann in the two banks a check kiting operation whereby false and fictitious bank balances to Kuhlmann's credit were created and made to appear to exist and checks in amounts largely beyond his real and true bank balances were authorized and placed in circulation with consequent facilitation and enlargement of the eventual default by Kuhlmann.

The same judicial discretion already adverted to counsels the denial of the motion of Indemnity Company for leave to bring the two banks into this action. In the considered opinion of the court, their inclusion would almost inevitably fail to serve the interests of expeidition, economy and justice, and, on the contrary, result in delay and extravagance in the trial of the present action and, consequently, promote injustice. It is deceptively easy to suggest that simplicity, expedition and economy may be achieved through the determination of the issues of several controversies in a single suit. But, more often than not, the result is quite otherwise. What was embarked upon as a convenient "short cut" proves in the event to be much the longest way home. And a judge who has allowed third party proceedings too readily on the hypothesis of their economy in time and money may acknowledge himself to be the burnt child that dreads the fire.

By way of understatement, it must also be recognized that the legal right, if any, to recovery by Indemnity Company against the banks, or either of them, is far from obvious and at best tenuous. It may be maintained, if at all, only after the taking of a great deal of testimony concerning many transactions. And that will inevitably be gotten only at substantial expense.

In such a situation the court is persuaded that the Indemnity Company should be remitted to a separate suit against the banks in which only the parties interested and involved in the controversy between them will be subjected to the expenses of that litigation. That course is manifestly preferable to its somewhat violent introduction into this action whereby the many parties now before the court, most of whom have claims in only modest amounts, would be compelled, if not actively to participate, at least constantly to observe and be represented in, the taking of evidence pertinent to the claim against the banks. And it is to be noted that neither the plaintiff nor any of the beneficiary defendants has seen fit to assert that claim against either of the banks.

The court accordingly denies and overrules the motion for the bringing in of the banks.

An order is being made and given in harmony with this announcement.