**In re HERMAN CANTOR CORPORATION, Debtor.**

**HERMAN CANTOR CORPORATION, Plaintiff,**

v.

**CENTRAL FIDELITY BANK, N. A., Defendant and Third-Party Plaintiff,**

v.

**Dena K. CANTOR, Third-Party Defendant.**

**Bankruptcy No. 81–00640–R.**

**Adv. No. 81–0137–R.**

United States Bankruptcy Court, E. D. Virginia, Richmond Division.

Feb. 2, 1982.

Allan S. Buffenstein, Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, Va., for plaintiff.

James J. Burns, Wallerstein, Goode & Dobbins, Richmond, Va., for defendant and third-party plaintiff.

Robert E. Eicher, Williams, Mullen, Christian, Pollard & Gray, Richmond, Va., for third-party defendant.

MEMORANDUM OPINION AND ORDER

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing of a motion to dismiss Plaintiff's complaint for failure to join Dena K. Cantor as a defendant pursuant to Bankruptcy Rule 719(a) or alternately to direct the Debtor to amend its complaint to add Cantor as a defendant. Upon the filing of an answer by Herman Cantor Corporation and upon the submission of briefs this Court makes the following determination.

Dena K. Cantor is a third-party defendant in the instant case. Pursuant to Bankruptcy Rule 714 and Rule 14 of the Federal Rules of Civil Procedure a third-party defendant may be liable to the original defendant for all or part of the plaintiff's claim against the original defendant. The Plaintiff has the right to assert any claim he may have against the third-party defendant which arises out of the transaction which is the subject matter of the plaintiff's claim against the third-party defendant. Bankruptcy Rule 714(a). If the plaintiff chooses not to assert a claim against the third-party defendant, the third-party defendant may be liable only to the original defendant which in the instant case is Central Fidelity Bank. "[A] defendant cannot compel the plaintiff, who has sued him, to sue also a third party whom he does not wish to sue, by tendering in a third-party complaint the third party as an additional defendant directly liable to the plaintiff." *Delano v. Ives*, 40 F.Supp. 672, 673 (E.D.Pa.1941). Herman Cantor Corporation has not filed a complaint or asserted any claim against Dena K. Cantor in the instant case.

It appears from the pleadings that Dena K. Cantor may have benefited from an indirect preference when Herman Cantor Corporation repaid a debt it owed Central Fidelity Bank and the Bank returned to Dena K. Cantor the certificates of deposit which it held as security for Herman Cantor Corporation's loan. *See Bachner v. Robinson*, 107 F.2d 513 (2d Cir. 1939); *Smith v. Tostevin*, 247 F. 102 (2nd Cir. 1917). In the present posture of the case the Court is precluded from granting a judgment to Herman Cantor Corporation against Dena K. Cantor because Herman Cantor Corporation has asserted no claim against Dena K. Cantor in this proceeding. Because Dena K. Cantor may be liable to Herman Cantor Corporation, the corporation may wish at a later time to assert its claim against Dena K. Cantor if it is unable to recover its claim against Central Fidelity Bank or if its recovery against Central Fidelity Bank is incomplete. By joining Dena K. Cantor as a party in this proceeding the Court would be able to grant full rather than hollow or partial relief to all of the interested parties and could avoid repeated law suits on the same essential matter.

Pursuant to Bankruptcy Rule 721 and Rule 21 of the Federal Rules of Civil Procedure "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any state of the action and on such terms as are just." This rule allows the court to order a party joined to the proceeding on its own motion to serve the purpose of judicial economy and to afford complete relief to the parties. *See Halladay v. Verschoor*, 381 F.2d 100 (8th Cir. 1967); *Reichenberg v. Nelson*, 310 F.Supp. 248 (D.Neb.1970). Dena K. Cantor is subject to service of process and her joinder will not deprive the court of jurisdiction over the subject matter of the action. Therefore it is hereby

ORDERED that Dena K. Cantor be, and is hereby added as a party defendant to the instant case; and it is hereby

ORDERED that the motion made by Central Fidelity Bank to dismiss the complaint for failure to join Dena K. Cantor as a defendant or alternatively to direct the Debtor to amend its complaint to add Cantor as a defendant be, and is hereby dismissed as moot; and it is hereby

ORDERED that Herman Cantor Corporation serve a summons, a copy of the complaint, and a notice of trial on Dena K. Cantor and that Dena K. Cantor file her answer within thirty days after issuance of the summons.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to all counsel of record.