{¶ 36} I concur in judgment and opinion as far as the majority's opinion relates to Holly Hill's motion for summary judgment. However, I respectfully dissent to the part of the opinion that addresses McCorkle's motion for summary judgment.
 {¶ 37} Although appellant (plaintiff below) appeals the trial court's grant of summary judgment in favor of McCorkle, in my view, we cannot address that decision because appellant never directly asserted any claim against McCorkle. McCorkle was a third-party defendant in this action by virtue of the third-party complaint filed by Holly Hill. Holly Hill, instead of appellant, alleged that McCorkle negligently constructed the stair at issue.
 {¶ 38} Ohio Civ.R. 14(A) states "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Ohio courts state that "[i]f the plaintiff chooses not to assert a claim against the third-party defendant, the third-party defendant may be liable only to the original defendant * * *. (Emphasis added.) See Delano v. Ives, 40 F. Supp. 672, 673 (E.D. Pa. 1941)."Bruhl v. Crispen, Lucas App. No. L-82-043, citing In re Herman CantorCorp. Bkrtcy. Ct. E.D. Va. (1982), 17 B.R. 612, *Page 19 
613. Because appellant in this case never asserted a cause of action against McCorkle, her "notice of appeal is not effective as to [him]." Id. As such, the only parties properly before this court on appeal are appellant and Holly Hill. Id.
 {¶ 39} In addition, assuming the parties were properly before the court, I would find that, because McCorkle did not own or control the property at issue (the stair), he is not entitled to the benefits of the open and obvious doctrine. See Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 644, 597 N.E.2d 504 (stating one with no property interest in the subject premises such as an "[i]ndependent contractor who creates a dangerous condition on real property is not relieved of liability under the doctrine which exonerates an owner or occupier of land from the duty to warn those entering the property concerning open and obvious dangers on the property").
 {¶ 40} Thus, I dissent in part.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court *Page 20 
directing the Jackson County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Concurs in Judgment Only
Kline, J.: Concurs in Judgment Opinion and Dissents in Part with Opinion *Page 1